| 38 | 83 |
| 82 | 202 |

---

## FARWELL v. GRIER ET AL.

1. **Landlord: and tenant** LIEN FOR RENT. Where a promissory note, executed in part for rent due and unpaid, was negotiated by the land-lord, and upon non-payment by the maker, was paid by him and again became his property, his lien for rent is not lost by the negotiation of the note. Whether or not the lien passed as an incident of the assignment, *quere.*

2. **Promissory note:** PAYMENT OF PRECEDENT DEBT. The execution and acceptance of a promissory note for a precedent debt will not ope--rate as payment of the debt, unless it be so agreed by the parties.

Farwell v. Grier.

*Appeal from Blackhawk Circuit Court.*

THURSDAY, MARCH 19.

THE first count of the petition states a cause of action upon a promissory note made by the defendant Grier, April 14th, 1871, for $320, payable to the plaintiff sixty days from date. The second count alleges a cause of action for $279.17, as rent due the plaintiff from defendant on a parol lease of premises therein described, commencing Oct. 20th, 1870, *one hundred and fifty dollars of which is alleged to be included in the note set out in the first count of the petition.*

A landlord's, and also a general, attachment are prayed for and both issued, under which the sheriff attached certain personal property used and found upon the leased premises.

The answer of the defendant admits the making of the note, and also the lease as alleged; avers the rent has all been paid except $50.00; claims that plaintiff is indebted to him for goods sold and money expended in the sum of $70.00, and that attachments were wrongfully sued out.

The intervenor, McClure, claims liens on the goods attached under two chattel mortgages, one dated May 10th, 1871, and the other dated September 14th, 1871, made by the defendant to secure to the intervenor a note of $1000.00 of date May 10th, 1871, made by Grier, payable to McClure six months from date, with ten per cent interest. He asks that his liens may be declared to be prior and superior to the lien of the plaintiff.

The petition of Poole, Gilliam & Co., the other intervenors, states a like claim based upon a chattel mortgage on the same property, made by the defendant to them Sept. 23d, 1871, to secure two notes of $112.00 each with interest, etc. Issue being taken on these petitions of intervenors, the cause was tried to a jury who rendered a verdict as follows: "We the jury, find that there is due Poole, Gilliam & Co., $235.16, which is subject to the amount of $———, due C. A. Farwell for rent; and also subject to the claim of McClure for $434.66, and prior to the claim of Farwell for $344,70.

H. J. McCORD, *Foreman.*"

The jury also returned answers to seventeen special interrogatories which it is unnecessary to set out. Those material to the questions decided are referred to in the opinion. The plaintiff appeals.

*Boies, Allen & Couch*, for appellant.

*Miller & Preston* and *McClure*, for appellees.

MILLER, J. On the trial, evidence was given tending to show that a portion of the note sued on was for rent due from Grier, to the plaintiff; also that prior to the maturity of the note the plaintiff negotiated it to the First National Savings Bank of Waterloo; that when the note matured Grier failed to pay it, and it was taken up by the plaintiff, he being liable thereon to the bank, whereupon the court instructed the jury as follows: " If the jury find that J. A. Grier executed and delivered to C. A. Farwell his note for $320, and that $150 of that amount is for rent of the building in question; that C. A. Farwell transferred that note to a third party, and at the maturity of the note it was not paid, and C. A. Farwell again became the owner of the note, then you will find that said Farwell, by *negotiating said note*, lost his landlord's lien upon the goods for the amount of the rent, contained in such note so far as the intervenors are concerned."

The giving of this instruction was duly excepted to, and is assigned as error.

Without determining whether or not, when the plaintiff negotiated the note at the bank the lien for the rent contained 1. LANDLORD therein passed as an incident to the assignee, as and tenant: lien for rent. was held in *Strother v. The Steamboat Hamburg*, 11 Iowa, 59, and in *Rakestraw v. Hamilton*, 14 Id., 147, we are of opinion that the lien was not lost by such negotiation. At most it was only suspended during the time the note was held by the bank, and when the plaintiff was compelled to take it up because defendant failed to pay it at maturity, the lien was revived. The statute gives a lien for the rent. It was not paid by the defendant. The plaintiff being compelled to take

up the note at maturity, he stood in the same position as if he had held the note all the time. The rent was unpaid and was due to the plaintiff who was the landlord; to him the lien is given and it continues for a year, unless the rent is sooner paid. At least while the claim for rent is held by the landlord, within the term of one year after it falls due, the lien is in full force for his benefit. Seé Revision §§ 2302, 2303. This action was brought within the year after the rent became due.

It is urged by counsel for appellees that if the giving of this instruction was error, it was without prejudice, because, as it is urged, " the jury found that the state of facts to which the instruction was applicable did not exist." We do not know that we fully understand what the learned counsel intend by this. The jury find specially that there is due the plaintiff on the note $344.70 which seems to be the full amount of the note with interest.

The jury also returned the following special findings:

"1st.—Did Grier secure discounts at different times of the National Savings Bank, Waterloo, Iowa?

Ans.—He did.

2d.—Did C. A. Farwell, at the time J. A. Grier had his notes discounted at the Bank, give himself credit on the books of the Bank for a sum of money as rent of the building used by Grier?

Ans.—He did.

3d.—What amount did C. A. Farwell receive credit for on the books of the Bank, as rent of the building leased by him?

Ans.—$150.

4th.—How much was due and owing from Grier to Farwell, as rent of the premises in question on the 25th day of Sept., 1871?

Ans.—Nothing."

The last of the above answers is evidently a deduction drawn by the jury from the facts found in the three previous answers, guided by the seventh instruction given them by the court which is to the effect, that if they found that any rent had been paid by Grier, *by a note discounted at the bank,* and

Farwell v. Grier.

which was paid to the plaintiff, *or credited to him on the books of the bank,* that portion should be considered by them *as paid,* "although the note was not paid at maturity; and even if the suit is brought on the same note so unpaid, the payment of such note must be deferred to the payment of the other liens under the mortgages or otherwise prior to the issuing of the attachments."

This instruction tells the jury, in substance, that the giving of a note by the tenant for rent, if the landlord receives money

2. PROMISSO-RY NOTE: payment of precedent debt

thereon or credit therefor by negotiation, operates as payment of the rent, even if the note is not paid. Under this instruction the jury found that the $150 of rent, represented in the note sued on, was paid, or in other words that no rent was due from Grier to Farwell on the 25th day of September, 1871, for there is no claim that it was paid in any other manner. This instruction is most clearly erroneous. The doctrine is well settled in this State that the giving and accepting a promissory note for a precedent debt will not operate as payment or satisfaction of such debt unless it be so agreed by the parties. *Gower v. Halloway,* 13 Iowa 154, 156; *Kephart v. Butcher,* 17 Id. 240; *Farwell & Co. v. Salpaugh,* 32 Id. 582; *Huse v. McDaniel,* 33 Id. 406; *McCaren v. Hall,* 26 Id. 297. There is no claim made that there was any such agreement in this case. There being rent due the plaintiff which was a part of the note sued on, and for which the plaintiff's lien was prior and superior to those of the intervenors, the instruction first set out worked substantial prejudice to the plaintiff.

REVERSED.