BROWN v. SMITH ET AL.

1. **Mechanic's Lien:** ASSIGNMENT OF. The mere right to a mechanic's lien is not assignable: the lien passes by an assignment of the debt, under chapter 44, laws of 1874, only after it has been perfected by the filing of the claim.

*Appeal from Ringgold District Court.*

WEDNESDAY, DECEMBER 8.

THE petition states one Booth did certain work and labor for Hilleker & Co., on a line of railroad then being constructed by the Leon, Mt. Ayr & Southwestern Railroad Company, and for the labor performed a time-check was given Booth showing the amount due; that C. H. Smith & Co. were the principal contractors, and they sublet to Neely & McPherson, who sublet to Hilleker & Co.

A mechanic's lien was asked on the railroad. The company demurred to the petition on the ground, in substance, that a mere right to a lien was not assignable. The demurrer was sustained and plaintiff appeals.

*J. F. Mount, W. K. Brown* and *Spence & McMasters,* for appellant.

*Perry & Townsend* and *Laughlin & Campbell,* for appellees.

SEEVERS, J.—It was not averred in the petition that Booth ever filed the statement or gave the notice required by law to entitle him to a lien. But it is averred the plaintiff did so. The time-check upon which the right to a lien is based was assigned to the plaintiff. The question, therefore, is whether the assignment of the debt carries with it the lien, or vests in the assignee the right, by complying with the statute, to a lien. This question was determined in the negative in *The First National Bank v. Day,* 52 Iowa, 680.

1. MECHAN-IC'S LIEN; assignment of.

It is, however, insisted that since that case arose a statute has been passed which provides: "The mechanics' liens are assignable and shall follow the assignment of the debt." Miller's Code, § 2139.

A similar statute was considered in *Merchant v. Ottumwa Water-power Co.,* 54 Iowa, 451, and it was then said: "Now the provision above cited from the amendment of the statute, that ' the lien herein given shall be assignable,' refers, we think, to the lien perfected by the filing of a claim therefor, and not to the inchoate right to a lien."

A subcontractor may waive his right to a lien, and if he fails to do what he is required to do by statute (Miller's Code, § § 2133, 2134), it is, and must be, conclusively presumed he has done so.

The mere performance of the requisite labor is not sufficient. His right to a lien cannot be said to exist until he has complied with the statute. When he does so, it will be conceded, for the purposes of this case, that he has a lien which may be assigned, and that an assignment of the account carries with it the lien.

The language of the statute is that the lien is assignable, and not the mere right which follows the performance of labor, and which depends for its existence on the volition of the subcontractor.

AFFIRMED.