GERMAN BANK ET AL. V. SCHLOTH ET AL.

1. **Machanic's Lien**: ASSIGNMENT FOR BENEFIT OF CREDITORS.   An assignee for the benefit of creditors has the right to enforce a mechanic's lien existing in favor of the assignors.

2. ———: CONTRACT WITH PARTNERSHIP : CHANGE OF PARTNERS : TRANSFER OF NOTES: LIEN KEPT IN FORCE.   R., D. & H., partners, furnished the machinery for a mill under contract with defendants, S. *et al.*, owners of the mill.   Afterwards, and after the most of the machinery had been furnished, R. sold his interest in the partnership property and business to the other partners, D. and H., and M. was taken into the firm. Within a short time after this, D. likewise sold his interest to H. and M., who after that constituted the firm.   With each of these changes the firm name was changed, and, at each transfer, the partners remaining assumed all the obligations and liabilities of their predecessors.   H. & M. afterwards made a general assignment for the benefit of their creditors to G.   Before the machinery of the mill was completed, and during the existence of the firm of R., D. & H., S. *et al.*, in consideration of said contract, executed their four notes to R., D. & H., which were transferred by indorsement to the German Bank—two of them as collateral security, and two of them were discounted.   Two of these notes were renewed while in the hands of the bank, and made payable to D., H. & M., who then constituted the firm. · After the assignment to G., he took up the notes held by the bank, and which had been dishonored by S. *et al.*, in order to discharge the indorsers, R., D. & H. and D., H. & M.   After R. and D. had both transferred their interest in the firm, and after all the materials had been furnished, D., for R., D. & H., made affidavit to and filed their statement of account, claiming a mechanic's lien for R., D. & H.   In an action by G. the assignee to foreclose the mechanic's lien, *held:*

1. That inasmuch as R., D. & H. made the contract with S. *et al.*, from which they were not relieved by the subsequent changes in the firm, R., D. & H. (and D. for them) were authorized to file the claim for, and to perfect their lien.

2. That the lien thus perfected inured to the benefit of H. & M., the holders of the debt. [Miller's Code, § 2139; McClain's Statutes, p. 602, § 13; *Brown v. Smith*, 55 Iowa, 31.]

3. That H., being a member of each successive firm, had all the time an interest in the debt, and a right to security by a mechanic's lien, which right was not limited to his share of the debt, but extended to the whole debt, and was for the benefit of himself and his partners.

4. That G., the assignee of H. & M. might enforce the lien for the amount due on the notes, after the payee had indorsed the notes to the bank, and he had been compelled to take them up after their dishonor by the makers. Following the doctrine of *Farwell v. Grier*, 38 Iowa, 83, and overruling the *dictum* in *Scott v. Ward*, 4 G. Greene, 112, on this point.

5. That although a part of the material was furnished and used after the machinery was running, and was not included in the notes, yet, as it was used to complete and perfect the machinery, and was reasonably within the contract for furnishing the machinery, the assignee was entitled to have the same included in the amount of his lien.

3. ———: PRIOR MORTGAGE: APPLICATION OF PROCEEDS OF PREMISES. Where materials are furnished and used for a building already erected and covered by a prior mortgage, and the whole premises do not sell for more than sufficient to pay off the prior mortgage, the proceeds must all be applied on the prior mortgage, according to the last clause of § 2135, par. 4, Miller's Code (McClain's Statutes, p. 600, § 9, par. 4), which clause must be construed as a *proviso* to the preceding language of the paragraph to which it belongs.

4. Costs: APPEAL TO SUPREME COURT: AMOUNT AND PRIORITY OF LIEN. In this case, where appellant succeeded in this court in having the amount of his lien increased, but failed in having it advanced over the lien of a prior mortgage, it was adjudged that appellant should recover the costs of the appeal, but that these costs should not be taken out of the proceeds of the property before the prior lien-holders have been fully paid.

*Appeal from Dubuque Circuit Court.*

WEDNESDAY, SEPTEMBER 20.

ACTION in chancery to enforce a mechanic's lien. The owner of the property, a mortgagee, and certain lien-holders, were

made defendants. The lien of the intervenor for a part of the amount claimed was enforced by the decree, but made inferior to the mortgage and the other liens. The intervenor and the owner of the property appeal.

*McCheney & O'Donnell,* for plaintiff and the intervenor, appellants.

*Robinson & Powers,* for lien-holders, appellees.

*Graham & Cady,* for mortgagees, appellees.

No argument for the land owners, appellants.

BECK, J.—I. The German Bank filed the original petition in the case, alleging that it was the transferee of certain promissory notes, given by the owners of the property to the persons furnishing the machinery and materials used in constructing an oatmeal mill upon the lots which are charged in the lien. The circumstances under which the notes were executed and transferred, and the claim for a lien filed, will be hereafter stated.

The lot owners, Schloth and others, Charles Stafford, a mortgagee of the property, Burch, Babcock & Co., who held a claim for a mechanic's lien for lumber used in the building, and the Commercial National Bank, attaching creditors of the property owners, were made defendants. By the decree of the court, Burch, Babcock & Co.'s claim was declared to be the first lien, Stafford's mortgage the second, and the intervenor Graves, as to a part of the amount claimed by him, the third. The attachment of the Commercial Bank was declared to be inferior to the other liens. As this bank does not appeal, no question is presented to us involving its rights. Stafford does not appeal and contest the right of Burch, Babcock & Co. to priority, nor does Graves claim priority as to the defendant last named. Nor do we understand that there is any contest as to the amount of the lien

of the parties other than Graves. He is not satisfied with the amount of his lien, as found by the court below.

While the lot owners, Schloth and others, have appealed, they have presented no argument in the case. They must be regarded as waiving, by their silence, objection to the decree of the court below.

It was admitted by all the parties that the machinery and improvements upon which the respective claims for mechanic's liens are based have become a part of the realty, and therefore the liens cannot be enforced by separating them from the lot.

It will be observed from the foregoing statement that the questions in the case involve the order of priority and the amount of Graves' lien. But, as will appear upon a further statement, the right to a lien upon his claim for any sum is denied. We are required, then, to determine whether he is entitled to a lien, and, if we find he is, what is its amount and order of priority. We proceed now to state other facts, which we find established by the record, upon which the questions involved in the case must be determined.

II. The machinery and material for which Graves seeks to recover were furnished under a contract made with Rouse, Dean & Co. The partnership was composed of Rouse, Dean & Hopkins.

Rouse transferred his interest in the partnership property and business to his partners, and subsequently McMurchy became a member of the firm, and within a short time Dean sold out to the other partners Hopkins and McMurchy. The style of the firm was changed with each of these changes of partners, but at each transfer the partners remaining in the business assumed all obligations and liabilities of their predecessors. The firm last named composed of Hopkins & McMurchy made a general assignment of all its assets for the benefit of all its creditors to the intervenor Graves. The machinery amounting to over $4,000 was almost all furnished before Rouse went out of the firm; an inconsiderable

amount was supplied afterwards. Before the work was completed, the lot owners executed to Rouse, Dean & Co. (the firm being unchanged at the time) four promissory notes amounting to $2,224, which were transferred to the German Bank, two of them as collateral security and two were discounted. Two of these notes were renewed while in the hands of the bank and made payable to Dean, Hopkins & McMurchy, who then constituted the firm. Payment for the work was made, except the amount of these notes. These payments we think, were mostly made during the progress of the work. After the assignment to Graves, he took up the notes transferred to the German Bank, to discharge the indorsers Rouse, Dean & Co. and Dean, Hopkins & McMurchy. Thereupon he intervened in this action, setting up the facts and claiming to enforce the mechanic's lien. He takes the place of the German Bank in this action.

III. We will first inquire whether Graves, as assignee of Hopkins and McMurchy, is entitled to the benefits of the mechanic's lien for the machinery and materials furnished under the circumstances just stated. We do not understand that any question is raised involving the right of an assignee for the benefit of creditors to enforce a mechanic's lien existing in favor of the assignors. If Hopkins & McMurchy held a lien, their assignee can enforce it. We must inquire whether a lien was held by that firm. A further statement of facts now becomes necessary.

1. MECHANIC'S lien: assignment for benefit of creditors.

After Rouse and Dean had each transferred their interests in the firm, and after all the materials had been furnished, Dean, for the firm of Rouse, Dean & Co., filed their claim and account required to perfect and enforce the lien. In the instrument the lien is claimed by and for the benefit of Rouse, Dean & Co. It is insisted that this firm and the partner, Dean, had no such interest in the matter as entitled the firm to the lien and the partner to file the claim under the provisions of the statute.

2. CONTRACT with partnership: change of partners.

It may be admitted that a stranger to the contract and one

having no interest in the claim for materials furnished cannot file a lien therefor, nor make the affidavit required by the statute. And, on the other hand, it cannot be doubted that the holder of the claim, which in his hands may constitute the foundation of a lien, or one bound by the contract to furnish labor or materials, may do all things necessary to enforce the lien allowed by law.

: Now, as we have seen, Rouse, Dean & Co. made the contract to furnish the machinery and materials in question. From this contract they were not relieved by the changes of the firm, nor by the succeeding partners and firms assuming and obligating themselves to perform their contract. Their successors in performing for them the contract became their agent and employes. It appears, therefore, plain that Rouse, Dean & Co. were authorized to file the claim for and perfect the lien.

But conceding the law to be that the assignee of an account is not entitled to a mechanic's lien thereon, does this rule apply so as to defeat the lien in the hands of Hopkins & McMurchy? We think it does not for two reasons.

1. We have just seen Rouse, Dean & Co. were authorized to perfect the lien. Now, under the statute and the decisions of this court, a lien after it is perfected by filing the claim, etc., may be assigned. Miller's Code, § 2139. McClain's Statutes, p. 602, § 13; *Brown v. Smith*, 55 Iowa, 31. The transfer of the firm's assets under which Hopkins and McMurchy acquired an interest in the claim will operate to transfer the lien after it is perfected. These transfers, as we have shown, did not defeat the right of Rouse, Dean & Co. to perfect the lien. The lien and the debt go together. The lien, therefore, enures to the benefit of the holders of the debt, Hopkins and McMurchy.

2. Hopkins was a member of each successive firm. He had all the time an interest in the debt, and a right to security by the mechanic's lien. At any time he could have perfected the lien for the protection of himself and those inter-

ested with him in the debt. The law will not separate Hopkins' interest, in the debt from the interest of his co-partners. It does not limit the lien to his part of the debt, but will enforce it for the whole debt. A partner is authorized to collect a debt due the firm of which he is a member and to enforce all liens which secure it. If another partner has transferred his interest in the debt, the transferee must look to the partner enforcing the remedies for his share of the money when it is collected.

IV. We have discovered in our progress in the case thus far that the transfers of the partnership assets and interest, and the formation thereby of successive firms, is not such a transfer of the debt as will defeat the lien, and that the assignment to Graves does not have that effect. We must now inquire whether the transfer of the notes to the German Bank had that effect.

3. ——: transfer of notes : lien kept in force.

For the purpose of the case it may be conceded that the transfer of a note given for materials, etc., for which a lien is provided by law will, while the note is in the hands of a stranger to the original contract for the materials, defeat the lien. *Brown v. Smith*, supra; *Merchant v. The Ottumwa Water Power Co.*, 54 Iowa, 451; *Scott v. Ward*, 4 G. Greene, 112; *Hawley v. Warde*, Id., 36.

The case under consideration is this: The lien-holder transfers the note, which is a negotiable instrument; and when it is dishonored by non-payment the indorsee lifts it by payment to the indorser. Can the lien-holder, the payee of the note, after he has received the note from the indorsee, enforce the lien? We think he can, for these reasons. He at no time was without interest in the note. He was responsible while it was in the hands of the indorsee as an indorser and that responsibility was accompanied by the liability of the maker to him. The contract of the indorser and maker run together. The indorser agrees to pay, if the maker does not; and the maker is bound to the indorser if he fails to pay the indorsee. These are subsisting contracts

while the paper is in the hands of the indorsee. Like all other contracts they are only enforceable by action upon default by the parties bound. The maker all the time the note is in the hands of the indorsee is bound by this contract to the payee. We conclude therefore that the payee does not cease to become a party to the contract so as to waive any liens which accompany the note.

This position is strengthened by the consideration that upon default by the maker the indorser acquires the note under no new contract. When he lifts it, it becomes again fully and exclusively his property and he is authorized to strike out his indorsement. It appears that the indorsee's interest in the note is not of such exclusive character as to deprive the indorser of all interest and title therein. The title of the indorsee is so qualified as to permit the indorser to hold an interest in the note and a conditional title which becomes absolute upon payment made by him after dishonor of the paper. Now, surely no reason exists for a rule which defeats the lien accompanying the note when it is required by the indorser.

This court has held that the payee of a promissory note given for rent, being the landlord, may enforce his lien after he indorsed the note and was compelled to take it up after dishonor. See *Farwell v. Grier*, 38 Iowa, 83. That case and this, are not distinguishable. The statutes relating to liens of landlords and mechanics use the same words in conferring the rights to liens. Compare Code, § 2017, and Miller's Code, § 2130; and McClain's, Statutes, p. 596, § 3.

*Scott v. Ward*, 4 G. Greene, 112, recognizes a different doctrine announcing that the negotiation of a promissory note and its transfer defeats a mechanic's lien in an action by the payee after he has lifted the note upon failure of the maker to pay it. But the doctrine was announced *arguendo* without the support of reason or authority and was not necessary for the determination of the case. The case is clearly in conflict with *Farwell v. Grier*, *supra*, and, in our opinion,

without the support of reason and legal principles. It must, so far as it conflicts with the views we have expressed, be regarded as overruled.

We conclude that by the transfer of the notes to the German Bank, the action by Graves to enforce the mechanic's lien is not defeated.

V. We are next to inquire as to the amount for which the lien of Graves may be enforced. A part of the material was not included in the notes. It is insisted that these materials were used for repairs of the machinery after it was completed. Without admitting that a lien .cannot be enforced for the repairs of the machinery, we are of the opinion that the materials were used, not for repairs but for completing the machinery. They were used some time after the machinery was running. But it often happens that changes and additions to machinery are found necessary after it has been used, in order to complete it. Materials used for such purpose are within the contract for furnishing the machinery.

*4. ——: amount of lien.*

We conclude that Graves is entitled to a lien for the amount of the account not included in the notes, added to the amount found due upon the notes, being the full amount remaining due and unpaid for the materials, work and machinery furnished by the firm of Rouse, Dean & Co., and its several successors as above stated.

VI. The machinery and material for which the lien is claimed, were put up and used in a building before erected, and, as we have seen, it is conceded they became a part of the realty. They thus became additions to the building. Under Miller's Code, Sec. 2135, par. 4; McClain's Statutes, p. 600, Sec. 9, par. 4, it is provided that in such cases, "if the premises do not sell for more than sufficient to pay off the prior mortgage or other liens, the proceeds shall be applied to the prior mortgage or other liens." Counsel for Graves argue that such a construction should be put upon the whole section, that upon a sale of the

*5. ——: prior mortgage: application of proceeds of premises.*

property, whatever sum may be realized, an accounting shall be had as to the enhanced value caused by the additions, and as to the value of the property before they were made, and the material-man shall have a prior lien upon the amount thus ascertained as to the enhanced value covered by the additions, and the mortgagee, or other prior lien-holder, shall have a prior lien upon the amount of the value of the property before the additions.    But this construction is in conflict with the plain language of the provision above quoted. Counsel's arguments are based upon the justice of the construction, and the fact that it seems to be in accord with other provisions of the section.    This may all be.    The plain language we have quoted must be regarded as a limitation upon the language preceding it in the same section, to the effect that if the premises do not sell for more than enough to pay off the prior mortgage or other lien, the accounting and distribution of proceeds of sale shall not be required.    In this view it is not in conflict with any other words of the statute. We must enforce the provision as it reads and cannot wrest its meaning on the ground that another construction would be more equitable, and would not be in conflict with other provisions of the same statute.    It must be admitted that par. 4, section 2135, is obscure and capable of adverse construction.    The interpretation we adopt gives more nearly full effect to all its language, *ut res magis valeat quam pereat.* It also gives the language quoted the force of a proviso which has effect without being directly contrary to the purview of the statute, though limiting its application.    This is the office of a proviso.    A different interpretation would wholly nullify the language under consideration.

VII.    The evidence shows that Burch, Babcock & Co.'s lien attached first, Stafford's mortgage second, and Graves' is third. The decree of the court below fixing this order is affirmed. The decree as to the amount of the judgments in favor of all the incumbrances except Graves will not be changed.    He is entitled to recover the amount of the notes that are unpaid

and the amount of the account for the labor and materials not included in the notes. A judgment will be entered accordingly in his favor. Other provisions of the decree will not be disturbed.

Graves shall recover the costs of this appeal from Schloth and others, the owner of the lot. But these costs shall not be taken out of the proceeds of the property before the prior lien-holders, Burch, Babcock & Co. and Stafford, have been paid. A decree in accord with this opinion, may be, at the option of Graves, entered in this court.

6. COSTS: appeal.

MODIFIED AND AFFIRMED.