· CURTIS BROS. & CO. v. BROADWELL ET AL.

1. **Mechanic's Lien**: PRIOR MORTGAGE: ATTACHMENT: QUESTION OF PRIORITY. October 20, 1882, B. executed to S. a deed of trust upon certain real estate to secure an existing debt. Between November 9, 1882, and April 3, 1883, plaintiffs furnished B. materials for the erection of a building on the real estate. June 4, 1883, the property was seized upon an attachment at the suit of P. against B. July 3, 1883, plaintiffs filed their statement for a mechanic's lien in the clerk's office. The question being upon the priority of the several liens, *held:*

(1) That the deed of trust, as a lien, not only on the land, but on the improvements subsequently placed thereon, was superior to the mechanic's lien;—following *German Bank v. Schloth*, 59 Iowa, 316.

(2) That the mechanic's lien was superior to the attachment, because, while the statement for a lien was not filed within the ninety days required by the statute, P.'s rights accrued *before* the expiration of the ninety days, and, by the express language of the statute, (§ 6, chap. 100, Laws of 1876,) it is only purchasers and incumbrancers in good faith without notice, whose rights accrue *after* the ninety days, that are not defeated by the lien in such cases.

*Appeal from Harrison District Court.*

WEDNESDAY, JULY 22.

ACTION in chancery to foreclose and enforce a mechanic's lien. There was a decree rendered by the district court granting the relief prayed for by plaintiffs, from which some of the defendants, who are lien holders upon the same land against which plaintiffs' lien is enforced, appeal.

*L. R. Bolter & Sons*, for appellants.

*S. I. King* and *Howat Bros.*, for appellees.

BECK, CH. J.—I.    The undisputed facts of the case are as follows:  On the ninth day of November, 1882, plaintiffs commenced furnishing defendant Broadwell materials used in the erection of a building which was commenced about that time.   The last of the materials was furnished on the third

day of April following. On the third day of July the plaint-iff filed the statement in the clerk's office required by Miller's Code, § 2133, in order to preserve a lien. On the twentieth day of October, 1882, Broadwell executed to defendant Sea-right, trustee, a deed to secure an indebtedness then existing. On the fourth day of June, 1883, defendant Palmer brought suit by attachment against Broadwell, and the property in controversy was siezed upon a writ issued in the case. A judgment was subsequently rendered in the action. Other facts disclosed by the record need not be stated.

The district court found that the value of the land in con-troversy, excepting therefrom the value of the building in the erection of which the materials furnished by plaintiff were used, was $2,500, and the value of that building was $3,000, and by the decree attempted to provide that defend-ant Searight should have the avails of the land as realized upon the sale of both land and building together, and plaint-iffs should in the same manner have the avails of the build-ing; and to that end directed that two dollars of each five dollars of the proceeds of the sale of the property should be paid to Searight, and three dollars of each five dollars should be paid to plaintiffs; thus distributing the proceeds of the sale proportionately upon the claims of these two parties. The district court held that Palmer's lien was inferior to the plaintiffs', as well as to the lien of Searight. By this decree the district court held that Searight's deed of trust did not attach to and bind the building commenced and erected after it was executed, but that the sum realized from the sale of the building should be applied to the payment of plaintiffs' claim.

II. The court below doubtless attempted to conform its decree to the requirements of section 9, chap. 100, Acts Six-teenth General Assembly, (Miller's Code, p. 577). We have had occasion heretofore to interpret and apply this statute. See *German Bank v. Schloth*, 59 Iowa, 316. We held in that case that additions to a building which became a part

of the realty are subject to a mortgage, as against a subsequent mechanic's lien. We based this conclusion upon the construction of section 9, chap. 100, Acts Sixteenth General Assembly, (Miller's Code, p. 577) holding that the last sentence had the force of a proviso limiting the application of the provision, without being directly contrary to its purview. We had occasion then to remark upon the obscurity of the statute, and its capability for adverse constructions. It now appears no plainer to us, and no more capable of a satisfactory construction, than it did when we considered it in *German Bank v. Schloth, supra.* It is one of a few statutes found in the legislation of the state which fail to express with satisfactory clearness the legislative intention. The courts in such cases enforce the express language of the statute, if it can be understood, presuming that the legislative intention was in accord therewith. It is useless to discuss the provision in order to vindicate our conclusions expressed in the case just mentioned. The obscurity of the provision in question makes it certain that no construction which can be adopted will be free of doubt. The one we adopt has the advantage of being in accord with the express language of a proviso found in the section.

It cannot be doubted that, if this section does not stand in the way, a prior mortgage will prevail against a subsequent mechanic's lien for buildings or improvements which become a part of the realty. Under the plain language of the section, it is obvious that the same rule applies alike to improvements, betterments or additions to buildings, and to new and independent structures. It cannot be questioned that the building for which the materials were furnished by plaintiffs did become a part of the real estate. They are therefore subject to the mechanic's lien, under the rule of *German Bank v. Schloth.* These views dispose of the case so far as it involves the conflicting rights of the plaintiffs and defendant Searight.

III.   Palmer's attachment was given before the expiration

of the ninety days prescribed by section 6, chap. 100, Acts Sixteenth General Assembly, (Miller's Code, § 2133,) wherein a notice and statement of the mechanic's lien shall be filed in the clerk's office. This section, however, provides that a failure or omission to file the statement within the time prescribed " shall not defeat the lien, except against purchasers or incumbrancers in good faith without notice, whose rights accrued *after* the ninety days,    *    *    *    and before any claim for the lien was filed." But Palmer's right accrued *before* the ninety days expired. Under the express language of the provision, Palmer's rights are not within the exception providing for exempting the rights of purchasers and incumbrancers in certain cases from defeat by the lien. But it is argued that, as Palmer's rights accrued before the claim for the lien was filed, it is unreasonable to hold that they may be defeated because they did not accrue after the ninety days within which the filing is to be done. That may be; but the express language of the law is the other way. It must be followed, even if we should regard it as unreasonable, its language admitting no conflicting construction. We therefore conclude that Palmer's judgment is inferior to plaintiffs' lien.

The decree of the district court is reversed, and the cause is remanded for another decree in harmony with this opinion; that is to say, providing that Searight's deed of trust is superior to plaintiffs' lien, and Palmer's judgment inferior thereto. Plaintiffs will pay all the costs made on account of this appeal. At the option of defendant Searight, such a decree may be entered in this court.