C. A. JOHANSON, Appellee, v. EVAN ROWLAND, Sheriff, et al., Appellants.

**EXEMPTIONS:** Liabilities Enforcible—Note as "Purchase Money."
A promissory note given for the purchase price of personal property ceases to represent "purchase money" *after assignment to a third party.*

*Appeal from Johnson District Court.*—R. G. POPHAM, Judge.

OCTOBER 23, 1923.

ACTION in replevin of an automobile. The material facts are fully stated in the opinion. A jury was waived, and the cause tried to the court. Judgment for plaintiff. Defendants appeal.—*Affirmed.*

*George B. Worthen* and *Henry G. Walker,* for appellants.

*Dulcher & Hambrecht,* for appellee.

STEVENS, J.—The case was tried upon a stipulation of the facts. Appellee is the owner of a Stephens touring car, which he purchased on or about July 2, 1920, of the Ideal Motor Company, of Waterloo, Iowa. The appellant Evan Rowland is the sheriff of Johnson County, Iowa, and the Leavitt &. Johnson National Bank is the assignee of a note for $1,600, which appellee executed to the motor company in part payment of the purchase price of the touring car. Payments were made on the note from time to time; but, appellee failing to make all the payments required, action was brought against him, and judgment was entered in the municipal court of the city of Waterloo for the balance due thereon. On October 28, 1921, Rowland, as sheriff,

levied an execution upon the touring car, and this action was brought by appellee to recover possession thereof from the sheriff. The facts stipulated show that appellee used the automobile with which to earn a living, and it is conceded that, under our holding in *Lames v. Armstrong,* 162 Iowa 327, and *Waterhouse v. Johnson,* 194 Iowa 343, the automobile is exempt from execution, to appellee as the head of a family, unless the claim of appellant bank is for the purchase price of the automobile.

The exception, stated in Section 4015 of the Code is as follows:

"None of the exemptions prescribed in this chapter shall be allowed against an execution issued for the purchase money of property claimed to be exempt, and on which such execution is levied."

The question is whether the assignee of a note given for the purchase price of personal property stands in the same relation thereto as the seller. That is, Is the property subject to execution to satisfy a judgment upon the note in favor of such assignee, the same as it would have been if judgment had been entered thereon in favor of the seller? The question is one of first impression in this state, and an examination of the few decisions in other jurisdictions bearing thereon reveals a distinct lack of harmony.

The Supreme Court of Minnesota, in *Langevin v. Bloom,* 69 Minn. 22 (71 N. W. 697), and the Missouri Court of Appeals, in *State v. Orahood,* 27 Mo. App. 496, sustain the contention of appellant, that the property is subject to sale on execution upon a judgment rendered in favor of the assignee, the same as it would have been if it had been rendered in favor of the seller. A contrary doctrine is announced in *Shepard v. Cross,* 33 Mich. 96, and *Weil v. Nevitt,* 18 Col. 10.

The holding of the Michigan and Colorado courts rests upon the theory that the assignee in such case is in no sense the seller; and that, when a note given for the purchase price of personal property is assigned to a third party, it ceases to represent purchase money, and becomes an obligation merely for the amount expressed on the face thereof, and nothing more; and that, therefore, the property is not subject to execution in favor of such assignee. The doctrine has been frequently announced that,

where money is borrowed upon a distinct understanding with the lender that it is to be used in the purchase of property, the money will be treated as purchase money, and the exception applies. *State Bank v. Shepherd,* 105 Kan. 206 (182 Pac. 653); *De Loach Mill Mfg. Co. v. Latham,* 99 Mo. App. 231 (72 S. W. 1080). The doctrine of these cases was stated in *Johnson County Sav. Bank v. Carroll,* 109 Iowa 564; but, as the question was not there directly involved, the court made no pronouncement upon the subject.

It has also been frequently held that one who loans money to a borrower without any knowledge or understanding that it is to be applied in payment of the purchase price of property is in the position of a mere lender, and the exception does not apply. *Johnson County Sav. Bank v. Carroll,* supra; *Mitchell v. McCormick,* 22 Mont. 249 (56 Pac. 216); *Heuisler v. Nickum,* 38 Md. 270.

Exemption laws are liberally construed, and exceptions thereto are strictly construed. *Baker v. Maxwell,* 183 Iowa 1192; *Equitable Life Assur. Soc. v. Goode,* 101 Iowa 160; *State v. Shook,* 97 O. St. 164 (118 N. E. 1010). The statute does not give a seller of personal property a lien thereon for the purchase price, and no lien attaches thereto until the execution is levied. The assignment of the note by the motor company to the appellant bank did not, therefore, operate to transfer to it a lien upon the property. The assignee purchased nothing but the note. It does not stand in the relation to appellee of seller, but merely as the owner of a note executed by him. The judgment entered was upon the note, and not in any sense for the purchase price of an automobile. The original seller received payment of the purchase price from the assignee. The assignor thereafter had no claim against the maker of the note for purchase money. Cases cited by appellants, while having some bearing upon the question at issue, are in no sense controlling, and are but remotely in point.

The judgment of the court below is—*Affirmed.*

PRESTON, C. J., WEAVER and DE GRAFF, JJ., concur.