CHESTER CALLAWAY, Appellant, v. HAUSER BROTHERS et al., Appellees.

No. 40361.

DECEMBER 9, 1930.

R. R. Bateson, for appellant.

Peisen & Soper, for appellees.

EVANS, J.—I.   The case has two phases, and we shall discuss them separately.   The case involves the proper application of Section 11759 of the Code, 1927, which is as follows:

"11759.   None of the exemptions prescribed in this chapter shall be allowed against an execution issued for the purchase money of property claimed to be exempt, and on which such execution is levied."

The defendants caused execution to be levied upon a certain farm implement known as a "Sandwich Portable Elevator," claimed by the plaintiff to be exempt from execution.   This im-

plement was purchased by the plaintiff from the defendants. He executed a note for $270 for the purchase price. Hauser Brothers, as payees, negotiated the note to Madole, and indorsed the same with recourse. Upon the default and failure of the maker to pay the note, the indorser paid the same, and proceeded to enforce collection against the maker.

The first question is: Did the negotiation of the note by indorsement thereof operate against the payees as a complete waiver of the statutory provision above quoted? The appellant contends for the affirmative on this question. The argument is that Madole, the indorsee, could not have taken any benefit from the above statute; that, in taking up the note upon default of the maker, the indorser took title through the indorsee, Madole, and took no greater right thereby than Madole himself had. The argument purports to be based upon our holding in *Johanson v. Rowland,* 196 Iowa 724. In that case we held that the mere assignee of a note had no right to avail himself of the provisions of the exemption statute. We said:

"The original seller received payment of the purchase price from the assignee. The assignor thereafter had no claim against the maker of the note for purchase money." Also: "The assignee purchased nothing but the note."

In that case the assignor had no interest in, or obligation upon, the transferred note. The execution levied upon the property did not operate to any extent to his benefit. In the case at bar, the payee of the note indorsed it with recourse, and as such indorser, continued to be a party thereto. The precise question herein involved has not heretofore been before us. We have, however, some precedents that bear strong analogy thereto. It is the general rule, and we have held it frequently, that the indorser of a note with recourse continues to be a party to the note, and interested therein; that if he repossesses himself of the note by paying the same, he may treat his indorsement as canceled, and he will be deemed to hold the note pursuant to his original title thereto. In *German Bank v. Schloth,* 59 Iowa 316, this question received consideration. In that case a negotiable note was given in settlement of an account for which a mechanic's lien could have been filed. The payee of the note transferred it by indorsement

to the German Bank. Upon default of the maker, and pending action thereon, the indorser paid the note, and became plaintiff in the action. It was conceded in that case that the indorsee of the note could not have claimed a mechanic's lien, and the case was decided on that theory. The discussion in that case has much applicability to the case at bar. We said:

"But conceding the law to be that the assignee of an account is not entitled to a mechanic's lien thereon, does this rule apply so as to defeat the lien in the hands of Hopkins & McMurchy? We think it does not, for two reasons. * * * 2. Hopkins was a member of each successive firm. He had all the time an interest in the debt, and a right to security by the mechanic's lien. At any time he could have perfected the lien for the protection of himself and those interested with him in the debt. * * * For the purpose of the case it may be conceded that the transfer of a note given for materials, etc., for which a lien is provided by law, will, while the note is in the hands of a stranger to the original contract for the materials, defeat the lien. *Brown v. Smith*, supra; *Merchant v. Ottumwa Water Power Co.*, 54 Iowa 451; *Scott v. Ward*, 4 G. Greene 112; *Hawley v. Warde*, Id., 36. The case under consideration is this: The lien holder transfers the note, which is a negotiable instrument; and when it is dishonored by nonpayment, the indorsee lifts it by payment to the indorser. Can the lien holder, the payee of the note, after he has received the note from the indorsee, enforce the lien? We think he can, for these reasons: He at no time was without interest in the note. He was responsible while it was in the hands of the indorsee as an indorser, and that responsibility was accompanied by the liability of the maker to him. The contract of the indorser and maker run together. The indorser agrees to pay, if the maker does not; and the maker is bound to the indorser if he fails to pay the indorsee. These are subsisting contracts while the paper is in the hands of the indorsee. Like all other contracts, they are only enforcible by action upon default by the parties bound. The maker, all the time the note is in the hands of the indorsee, is bound by this contract to the payee. *We conclude, therefore, that the payee does not cease to become a party to the contract so as to waive any liens which accompany the note.* This position is strengthened by the consideration that, upon default by the maker, the indorser acquires the note under no new contract.

When he lifts it, it becomes again fully and exclusively his property, and he is authorized to strike out his indorsement. It appears that the indorsee's interest in the note is not of such exclusive character as to deprive the indorser of all interest and title therein. The title of the indorsee is so qualified as to permit the indorser to hold an interest in the note and a conditional title, which becomes absolute upon payment made by him after dishonor of the paper. Now, surely no reason exists for a rule which defeats the lien accompanying the note when it is required by the indorser. This court has held that the payee of a promissory note given for rent, being the landlord, may enforce his lien after he indorsed the note and was compelled to take it up after dishonor. See *Farwell v. Grier*, 38 Iowa 83. That case and this are not distinguishable. The statutes relating to liens of landlords and mechanics use the same words in conferring the rights to liens. Compare Code, Sec. 2017, and Miller's Code, Sec. 2130; and [1] McClain's [Annotated] Statutes, p. 596, Sec. 3. *Scott v. Ward*, 4 G. Greene 112, recognizes a different doctrine, announcing that the negotiation of a promissory note and its transfer defeats a mechanic's lien in an action by the payee after he has lifted the note upon failure of the maker to pay it. But the doctrine was announced *arguendo*, without the support of reason or authority, and was not necessary for the determination of the case. The case is clearly in conflict with *Farwell v. Grier*, supra, and, in our opinion, without the support of reason and legal principles. It must, so far as it conflicts with the views .we have expressed, be regarded as overruled. We conclude that by the transfer of the notes to the German Bank the action by Graves to enforce the mechanic's lien is not defeated.''

The cited case of *Farwell v. Grier*, 38 Iowa 83, involved a note which had been given for rent and was transferred by indorsement to a third party. Because of default of the maker, the indorser was compelled to take up the note. After reacquiring the same, he proceeded to enforce a landlord's lien. Defense was made that the rights acquired by him by reacquiring the note were no greater than those of the indorsee to whom he had transferred it. The defense was not sustained. The court said:

''The plaintiff being compelled to take up the note at maturity, he stood in the same position as if he had held the note all the time.''

To get the full force of the foregoing quotations, as applied to the case at bar, one fact should be borne in mind. Under the existing decisions at that time, it had been held that the transfer of a note given for lienable materials for which a mechanic's lien could be filed and claimed by the payee of the note did not confer upon the transferee any right to claim or enforce the lien. In the cited cases from which we quote, it was assumed that no right to enforce a landlord's lien and none to enforce a mechanic's lien passed to the transferee of either note.

In his reliance upon the *Johanson* case, above cited, as authority, the appellant overlooks two vital distinctions between that case and this. The first is that in the *Johanson* case the *transferee* of the note and not the *payee* thereof, was the execution-plaintiff, who was claiming the benefit of Section 11759. We held that such right never passed to the transferee. Such was the holding in the *German Bank* case and in the *Farwell* case above cited. In the case at bar, the *payee* of the note, and not the transferee thereof, is the party who claims the benefit of the statute.

The second distinction is that, in the *Johanson* case, the transferee of the note, as the execution-plaintiff, was a mere *assignee* thereof, and not an *indorsee*. The legal effect of the *assignment* was to transfer the note without recourse. The payee thereby divested himself of all interest in the note. Nor did he ever resume or reacquire an interest therein; whereas, in the case at bar, the payee transferred by *indorsement*. As an indorser, he continued to be a party in interest to the contract, and never divested himself of such interest. His continued liability as an indorser is a vital fact in the case.

The appellant's argument here is that, in reacquiring the note by payment thereof, the Hauser Brothers took their title through Madole, the indorsee, and that their right thereunder could rise no higher than that of their assignor. This theory of the appellant's is completely negatived by the cited cases. Pursuant thereto, we hold that the indorser of a note who has been compelled to take up the same by default of the maker has never been fully divested of his title; that he has always maintained an interest in the note; that he has always been a party to the contract; that, after reacquiring the same by payment, he holds it by his original title, and not through or under the indorsee; and

that his previous transfer of the note does not work a waiver of his rights under Section 11759.

II. One other phase remains to be considered. It appears that the transferee brought an action on the note and obtained judgment thereon against this plaintiff, the maker, before the appellee performed his obligation as an indorser.  Upon payment of the debt by the indorser, the transferee assigned the judgment. The appellant lays stress upon this circumstance. He contends that everything became merged in the judgment, and that the appellee could have no greater rights thereunder than could the transferee. It is contended that the judgment amounted to an adjudication in favor of the judgment-plaintiff, which eliminated all benefits under Section 11759.

In the *German Bank* case, from which we have quoted above, payment by the indorser was made after the action was brought, and while it was pending. No significance seems to have been given to that fact. The judgment was an adjudication of nothing but the amount due on the note from the maker. The action involved no issue relating to the statute. Nothing could have been pleaded in that action which would put in issue the legal effect of that statute. The statute is purely remedial. It comes into effect only when execution has been levied upon the property.

As regards the indorser, the note was still in full force and effect. He was under the same obligation after judgment as he was before judgment. If his obligations as an indorser were not affected by the judgment against the plaintiff, neither were his rights as such indorser. Whether *before* judgment or *after,* payment by the indorser would eliminate the indorsee, and would clothe the indorser with his original rights as payee, by operation of the law. A formal assignment from the indorsee was not essential. The fact that the indorsee made an assignment added nothing to the rights of the indorser after payment. It was a convenience, and nothing more. If the indorsee had refused to make such assignment, he could not thereby diminish the rights of the indorser. In such a case it may be that the indorser would be under the burden of making a showing to the court of the fact of payment, in order to protect his rights of record. But no question of that kind is raised by the appellant. He stands upon the proposition that the status of the transferee of the note had

attached itself to the indorser and payee after payment. The argument at this point is purely technical, and quite ignores the substantial rights and obligations of the parties. The sum total of the case may be reduced to a sentence: The appellees performed their full obligation as indorsers, and as a result thereof, they are now entitled to their full original rights as payees.

Such was the holding of the district court, and its judgment is—*Affirmed.*

MORLING, C. J., and FAVILLE, KINDIG, and GRIMM, JJ., concur.