T. S. SIMPSON et al., d. b. a. RAVEN MANUFACTURING COMPANY, Appellee, v. ART McCONNELL, Appellant.

No. 44968.

May 7, 1940. .

Bennett Cullison and George O. Hurley, for appellant.

Addison Kistle, for appellee.

Stiger, J.—Plaintiff's motion to dismiss the appeal is overruled. In October 1936 defendant, Art McConnell, purchased an automobile from the Neola Motor Company and executed a note and chattel mortgage on the car to the seller for the purchase price in the sum of $536.40. The motor company assigned the note and mortgage to the Great Western Finance Corporation. The purchase price was payable in 18 monthly installments of $29.80. The first installment was due on December 23, 1936, and the last installment was due April 30, 1938. At the time of the purchase defendant was employed by plaintiff as a salesman. Defendant paid the first four installments. On July 31, 1937, five installments being delinquent, defendant had a conversation with one of the partners of the plaintiff, Raven Manufacturing Company, about the payments on the automobile and it was arranged that plaintiff would advance the payments on the car as they became due, McConnell agreeing that plaintiff could retain a part of his commissions to be earned. Pursuant to this conversation and on the same date the defendant executed the following memorandum identified as Exhibit 6:

"I, Art McConnell of Harlan, Iowa, in consideration of a $648.30 loan from the Raven Manufacturing Company hereby assign my car to the above mentioned company, free from any incumbrance excepting mortgage to Great Western Finance

Company on said car. Description of my car being Plymouth tudor sedan, Model 1936, License 83-2920. This loan is payable on demand. I also agree that $.50 per ton is to be deducted each week from my commissions, and that deferred payments are to be applied against this loan.

''On demand I agree to take care of any unpaid balance, or transfer the car to them without further litigation.''

After Exhibit 6 was executed, plaintiff paid the delinquent installments and the remaining installments as they became due. When it paid the last installment in April 1938 it obtained an assignment of the note and mortgage without recourse from the Great Western Finance Corporation. Defendant remained in the employment of plaintiff until April 30, 1938.

In May 1938, plaintiff brought this action in replevin basing its right to possession of the car on the provisions of the chattel mortgage giving the mortgagee or assigns the right to possession upon default in the payment of installments or if the mortgagee or assigns felt unsafe or insecure.

Defendant pleaded payment of the note and mortgage and denied there was any sum due plaintiff from defendant under the mortgage.

Lois McConnell, wife of defendant, intervened alleging the automobile was exempt property, that she did not sign the note and mortgage and demanded judgment for possession of the car. Plaintiff, in reply, stated that the note and mortgage was in its inception a purchase money mortgage and retained this status in the hands of plaintiff as purchaser and present holder. The trial court found the chattel mortgage was given for the purchase price of the car, was a valid mortgage though not signed by the intervener and that the assignment of the note and mortgage transferred to plaintiff the mortgage lien and all the rights of the original mortgagee. The court also found that the defendant failed to make the installment payments and awarded possession of the automobile to plaintiff.

Appellants claim the court erred in holding that the assignment and transfer of the note and chattel mortgage to plaintiff

created any right or lien in favor of plaintiff sufficient to sustain the writ of replevin, citing Johanson v. Rowland, 196 Iowa 724, 195 N. W. 358; Callaway v. Houser Brothers, 211 Iowa 307, 233 N. W. 506; section 10013, 1935 Code.

Section 10013 reads:

"10013. Exempt property — mortgage by husband and wife—exception. No incumbrance of personal property which may be held exempt from execution by the head of a family, if a resident of this state, shall be of any validity as to such exempt property only, unless the same be by written instrument, and unless the husband and wife, if both be living, concur in and sign the same joint instrument. Incumbrances on the property sold, given to secure the purchase price, need only be signed and acknowledged by the purchaser."

The cited cases do not purport to consider section 10013 but construe section 11759, 1935 Code, (section 4015, 1897 Code) found in chapter 199 on exemptions.

Section 11759 is as follows:

"11759. Purchase money. None of the exemptions prescribed in this chapter shall be allowed against an execution issued for the purchase money of property claimed to be exempt, and on which such execution is levied."

In the Johanson case, supra, the purchaser gave a note for the purchase price of personal property. A chattel mortgage was not given. The case established the rule in this state that when a note given for the purchase price of personal property is transferred to a third party it ceases to represent purchase money, the transferee cannot be considered a seller of the property, and the purchaser would be entitled to his exemption against an execution levied on the property under a judgment secured on the note by such transferee.

The question whether plaintiff, having used its money at the request of McConnell in payment of the purchase price, would be entitled, under section 11759, to an execution "for

the purchase money'' issued pursuant to a judgment on the note is not presented to us for decision. See Johnson County Savings Bank v. Carroll, 109 Iowa 564, 78 N. W. 247, 80 N. W. 683; Johanson v. Rowland, 196 Iowa 724, 195 N. W. 358. Plaintiff does not base its cause of action on section 11759 but rests its right to possession of the automobile on the chattel mortgage.

The question for determination is whether plaintiff was entitled to possession of the car under the authority of its chattel mortgage. Under the provisions of section 10013, the chattel mortgage given to secure the purchase price of the automobile was valid without the signature of the intervener. The mortgage took effect at the same time title to the car passed to appellant who acquired title subject to the mortgage lien and any right of his wife, intervener, in the car as exempt property is also subject to the mortgage lien. Plaintiff, purchaser of the mortgage, acquired all the rights of the mortgagee.

Appellants state in argument that the payments made by plaintiff to the holder of the mortgage under the memorandum, Exhibit 6, constituted a satisfaction and payment and not a purchase of the mortgage. Exhibit 6 was not drawn very carefully. The evidence shows that the sum of $648.30 was not loaned to McConnell on July 31, 1937, but represented the installment payments plaintiff agreed to make plus the sum of $209 it had advanced to him. The provision ''this loan is payable on demand'' apparently does not express the intention of the parties as on the date of the memorandum plaintiff had advanced only the five delinquent payments on the car, and defendant was unable financially at that time to pay $648.30. He was not even able to pay the installments.

Appellants admit that under the oral arrangement and Exhibit 6 plaintiff was to make the purchase price payments as they became due and as McConnell earned his commissions a part thereof would be applied on the payments advanced. They contend, however, that the parties intended the advancements by plaintiff, at the request of McConnell, of the install-

ments due on the note and mortgage to be a payment, discharge and satisfaction of the indebtedness and that plaintiff was to rely for reimbursement on McConnell's promise to pay and his commissions to be earned. Appellants state the sole and motivating factor was the contract between the parties whereby plaintiff agreed to discharge the debt and look to the commissions for payment after striking a balance on the general account. We do not agree with this contention.

We think the intention was that plaintiff would make the purchase price payments for the benefit of McConnell, and if, when the payments were completed, the earned commissions were less than the purchase price, plaintiff would obtain an assignment of the instruments and would continue to apply the commissions when earned on the purchase price represented by the note and mortgage. Obviously the commissions earned by McConnell were to be applied on the purchase price represented by the note and mortgage whether the instruments were held by plaintiff or the Great Western Finance Corporation. This arrangement saved McConnell the loss of his car through foreclosure and provided him a convenient method of paying for his car. We are of the opinion the parties did not intend to discharge the debt for the purchase price of the car and enter into the new and independent contract claimed by appellant.

McConnell did not testify that the payments advanced by plaintiff constituted a payment of the note and mortgage and satisfaction of the indebtedness, or that plaintiff did not become the owner of the note and mortgage. His testimony is that he told the plaintiff he could not make the payments on the car, that plaintiff agreed to pay the installments under defendant's agreement that it could retain one half of the commissions he might earn and that he depended on plaintiff to make the payments. He testified:

"I would not say that I do not owe the Raven Manufacturing Company something."

Defendant's plea that the earned commissions retained by

plaintiff were sufficient to pay the note and mortgage in the hands of plaintiff is not sustained by his evidence. In fact, he did not introduce any evidence tending to support his plea of payment.

As above stated the note and mortgage were endorsed to plaintiff by the finance corporation. Plaintiff introduced evidence that it was the purchaser of the note and mortgage, that the commissions were not sufficient to pay the amount due, that the note was unpaid and that McConnell failed to pay on demand. There was sufficient evidence to support the findings of the trial court that plaintiff was a purchaser of the note and mortgage and that they were unpaid and such findings are binding on this court.

We are of the opinion that the trial court was right in all its findings and conclusions and the case is affirmed.—Affirmed.

HAMILTON, C. J., and BLISS, HALE, SAGER, MILLER, MITCHELL, and RICHARDS, JJ., concur.