## ADKINSON v. BREEDING.

1. **Descent:** PERSONAL PROPERTY EXEMPT FROM EXECUTION. Where a husband dies leaving personal property which was exempt from execution in his hands, and such property is taken possession of by his widow, she will not be deprived of her right thereto under the statute by the fact that no inventory and appraisement were made as provided for by section 2371 of the Code.

*Appeal from Madison Circuit Court.*

FRIDAY, APRIL 22.

THIS is a controversy as to the ownership of certain personal property. It appears from an agreed statement of facts, upon which the case was tried in the court below, that Alex-

ander Blair died intestate, Oct. 5, 1876, and Martha Blair was his widow. February 23, 1877, Martha. Blair intermarried with one James Wilson, and on December 5th, 1877, said Martha Blair Wilson died. At the death of Alexander Blair he left certain articles of personal property which were exempt from execution against him, and of the value of $355, which said Martha Blair, at his death, took into her possession, and retained until her death. On December 7, 1877, and after the death of said Martha Wilson, the defendant was appointed administrator of the estate of Alexander Blair, deceased. He took possession of said property as belonging to the estate of said Blair, and on the 14th of January, 1878, he sold the same in pursuance of an order of court for the sale of personal property belonging to said estate, and reported the proceeds of said sale to the court. On the 11th day of January, 1878, plaintiff was appointed administrator of the estate of said Martha Wilson, and on the next day he notified the defendant in writing that he claimed said property as assets of the estate of which he was administrator, and demanded the surrender of the same.

Upon the foregoing facts the Circuit Court found that the plaintiff, as administrator, was entitled to recover the value of the property as a claim of the third-class against the estate of Alexander Blair, with interest from January 12, 1877, and costs. Defendant appeals.

*Wainwright & Miller*, for appellants.

*McCaughan & Dabney*, for appellee.

ROTHROCK, J.—I. If the property in controversy at the death of Alexander Blair descended absolutely to his widow, Martha Blair, and she took it into her possession, and retained it until her death, it was the personal property of her estate; her administrator was entitled to the possession of it, and the seizure and sale of it by the defendant was wrongful. The question

1. DESCENT: personal property exempt from execution.

to be determined is: was Martha Wilson the owner of the property at her death?

Section 2371 of the Code is in the following words: " When the deceased leaves a widow all personal property which in his hands as the head of the family would be exempt from execution, after being inventoried and appraised, shall he set apart to her as her property in her own right, and be exempt in her hands as in the hands of the decedent."

Counsel for appellant contends that the property did not vest in Martha Blair because it was not inventoried, appraised and set apart to her, and that at her death it was assets of the estate of Alexander Blair, to be administered upon, the same as other personal property of the estate.

We think this an improper construction of the statute, at least as applicable to the facts of this case. There is no dispute as to the character of the property. It was exempt from execution in the hands of Alex. Blair. His widow took and retained possession of it while she lived. It was not assets of the estate of Blair to be administered upon as such. *Ellsworth v. Ellsworth*, 33 Iowa, 164. The law vests the property in the widow absolutely. The purpose of the inventory and appraisement is to identify it in order to determine that it is in fact exempt from execution, and set it apart from the other property not exempt. But the widow's right to that which by the law is hers absolutely does not depend upon the inventory and appraisement. In this case it is not only conceded that the property was in fact exempt, but that the widow took possession of it and retained it during her life. We have no doubt that it was her property under the statute, and that the administrator of her estate was entitled to it as assets to be administered upon.

II. It is urged that the court erred in allowing the claim as one of the third-class. It is said it should be established if at all as one of the fourth class, because it was not at any time filed as a claim against the estate. Code, § 2420.

This appears from the pleadings to be an ordinary action

against the defendant for seizing and appropriating property which was not assets of the estate of which he was administrator. The court below found, as we think correctly, that the property did not belong to the estate. It was the plaintiff's right to recover the value of the property thus wrongfully taken without filing a claim against the estate. An administrator cannot wrongfully take the property of a stranger, and convert it into money, and then claim that the rights of the lawful owner shall be postponed to the claims of the creditors of the estate. We think the defendant is not in a position to complain of the classification of the claim made by the Circuit Court.

III. It appears from the abstract that interest was allowed on the value of the property from January 12, 1877. No demand of the property was made until January 12, 1878, and plaintiff concedes that interest should be computed from the latter date. The judgment will be modified accordingly.

MODIFIED and AFFIRMED.