| 62 | 463 |
| 83 | 343 |
| 62 | 463 |
| 89 | 327 |
| 62 | 463 |
| J104 | 539 |
| 62 | 463 |
| 117 | 390 |
| 62 | 463 |
| 121 | 349 |
| d121 | 350 |

KAISER ET AL. v. SEATON, SHERIFF, ET AL.

1. **Execution**: EXEMPTION OF DAMAGES FOR RIGHT OF WAY OVER HOMESTEAD. Money due from a railroad company, or from the sheriff, after it has been paid to him by the company, as damages assessed by a sheriff's jury for right of way over a homestead, is exempt from execution, notwithstanding the character of the homestead as such is not destroyed by the easement.

*Appeal from Linn Circuit Court.*

WEDNESDAY, DECEMBER 12.

ACTION for an injunction to restrain the defendant, Seaton, as sheriff, from applying certain money on an execution in his hands. There was a decree for the plaintiffs. The defendants appeal.

*Stoneman, Rickel & Eastman*, for appellants.

*Mitchell & Smith*, for appellees.

ADAMS, J.—The money belongs to the plaintiff, Kaiser, and the execution is against him. It would be proper for the sheriff to apply the money, unless it is exempt.

The facts appear to be that the plaintiff, Kaiser, is the head of a family, and, as such, owns and occupies certain premises in the city of Marion as a homestead. In 1881, the Chicago, Milwaukee & St. Paul R. Co. condemned a right of way through the land, and paid to the defendant, Seaton, as sheriff, the amount of money awarded as damages. About the

same time certain judgment creditors of Kaiser caused an execution to be issued against him, and placed the same in Seaton's hands, and demanded that he should apply thereon the money paid him by the railroad company as damages for right of way. The plaintiffs, apprehending that Seaton would make such application, brought this action for an injunction to restrain him. The judgment creditors are made parties defendant.

It is not denied by the defendants that the homestead in question is exempt. They merely deny that the money paid as damages is exempt. They rely upon *Chicago & Southwestern R. Co. v. Swinney*, 38 Iowa, 182, and *Harkness v. Burton*, 39 Iowa, 101.

In the former case, the court held that the husband could convey a right of way over the homestead without the concurrence of the wife. It appeared in that case that the homestead character of the premises was not substantially affected. Such being the fact, it was thought that the conveyance of a right of way through it was not a conveyance of the homestead in such sense as to render necessary the wife's concurrence. In the case at bar, while the homestead consisted of only one and one-half acres, and the value was considerably impaired by taking one hundred feet for right of way, yet the buildings were not disturbed, and the premises were not deprived of their character as a homestead. We are not prepared to say, therefore, that the case can be distinguished from the *C. & S. W. R. Co v. Swinney*, so far as the mere question as to the effect of taking the right of way is concerned.

But we do not think it follows that, because the wife's concurrence in a voluntary grant of a right of way is not necessary, the money due or paid for damages sustained is not exempt where a right of way is taken compulsorily. Whether the proceeds of a voluntary conveyance by the husband would be exempt, we need not determine. Where the right of way is taken compulsorily, the damages sustained

are not essentially different, so far as the question before us is concerned, from those caused by a tort. The general rule, we think, is, that, where exempt property is invaded, and is converted in whole or in part into a money claim, against the will of the owner, the money collected thereon is exempt, at least for a reasonable time. The theory is that the owner is entitled to the money to repair or replace the exempt property, and that he should have a reasonable time to so use the money, if he sees fit. In Thompson on Homesteads, the author says: "A clear distinction exists between the proceeds of property exempt from attachment, when such property has been sold by the debtor, and when it has been sold by proceedings against his will, and changed into money. Where such property is converted into a mere right of action by a proceeding wholly *in invitum*, such right of action and the money collected are also exempt from attachment, the same as the property itself," citing *Stebbins v. Peeler*, 29 Vt., 289; *Keyes v. Rines*, 37 Vt., 260; *Mitchell v. Milhoan*, 11 Kan., 617; *Houghton v. Lee*, 50 Cal., 101; and *Cooney v. Cooney*, 65 Barber, 524. Substantially the same rule is held in *Tillotson v. Walcott*, 48 N. Y., 188.

The defendants, however, insist that, inasmuch as a homestead is left to the plaintiffs, the right of way damages are not to be treated as proceeds resulting from a partial conversion or destruction of the homestead, but rather as income, and falling under the principle of *Harkness v. Burton*, above cited. In support of this view it is urged that the easement is not necessarily permanent, and that, if it should be abandoned by the railroad company, the most that could be said is that the plaintiffs suffered a temporary inconvenience.

While it is true that the right of way may be abandoned, it was manifestly not taken with that view. Practically, we think that we should regard the homestead as having sustained a permanent impairment, and, indeed, partial destruction. Without question, the property is less valuable for a homestead; and the plaintiffs may need the money in ques-

tion to offset the impairment by the acquisition and addition of other ground, or to aid them in the purchase of a different homestead. Exemption laws are to be maintained in their spirit as well as letter, and even liberally construed in favor of those claiming their benefit. *Bevan v. Hayden*, 13 Iowa, 125.

We see no error in the ruling of the circuit court, and the judgment must be

AFFIRMED.