MUDGE, ADM'R, v. LANNING ET AL.

| 68 | 641 |
| 83 | 345 |
| 68 | 641 |
| 88 | 250 |
| 68 | 641 |
| 89 | 327 |
| 68 | 641 |
| 121 | 349 |

1. **Homestead:** JUDGMENT FOR DAMAGES TO: EXEMPT FROM GARNISH-
MENT. A judgment for damages done to a homestead cannot be gar-
nished to satisfy another judgment which is not a lien on the home-
stead. (See *Kaiser v. Seaton*, 62 Iowa, 463.)

*Appeal from Wapello District Court.*

THURSDAY, APRIL 22.

PLAINTIFF's intestate obtained a judgment against the
defendant, Lanning, on which execution issued, and the Chi-
cago, Burlington & Quincy Railway Company was garnished
thereon as a supposed debtor of the defendant. The gar-
nishee answered, admitting that it was indebted to defendant
in an amount greater than that of plaintiff's judgment.
Defendant appeared, and, in a pleading filed in the proceed-
ing, alleged that the debt due from the garnishee to him was
exempt from execution. The district court entered judg-
ment in plaintiff's favor against the garnishee, and from this
judgment defendant appeals.

*Sloan, Work & Brown*, for appellant.

*Chambers, McElroy & Carver*, for appellee.

REED, J.—Defendant owns a homestead, which is exempt
from judicial sale for the satisfaction of the judgment which
plaintiff sought to enforce by the garnishment proceedings.
The place consists of twenty acres of ground, with the dwell-
ing house and other buildings situated thereon, and is of the
present value of $500. In the operation of its railroad the
garnishee set out a fire which destroyed the fences and grape
vines and fruit trees on the place, and defendant obtained
judgment against the garnishee for the damages caused
thereby. The judgment appealed from appropriates a por-

tion of the debt evidenced by that judgment to the satisfaction of plaintiff's judgment against defendant, and the only question in the case is whether said debt is subject to be so appropriated. It was held by this court in *Kaiser v. Seaton*, 62 Iowa, 463, that the money which had been awarded the property owner as damages on acount of the appropriation of a portion of the ground included in a homestead as the right of way for a railroad was exempt from execution for a reasonable time, to the same extent as the homestead was, notwithstanding the homestead character of the property was not destroyed by the appropriation of the right of way. The facts of the present case bring it within this rule, and, following that case, the judgment will be

REVERSED.