WRIGHT CONSTRUCTION COMPANY, Appellant, v. CITY OF DES MOINES, Appellee.

**MUNICIPAL CORPORATIONS:** Special Assessment—Unauthorized Appeal.   One who has no interest in the title to property may not appeal from a special assessment levied thereon.

Headnote 1:   28 Cyc. p. 1183 (Anno.)

*Appeal from Polk District Court.*—HUBERT UTTERBACK, Judge.

NOVEMBER 16, 1926.

In the district court, this was an appeal from certain paving assessments levied by the city council of Des Moines against certain lots. The district court dismissed the appeal because it was not prosecuted by any person who had any interest in the title to the lots thus assessed. From such order of dismissal, the plaintiff has appealed.—*Affirmed.*

*Parrish, Cohen, Guthrie & Watters,* for appellant.

*Halloran, Jones & Weaver,* for appellee.

EVANS, J.—The appellant here is the paving contractor who constructed the paving improvement. By its contract with the city, it agreed to accept the assessment certificates to be levied by the city council in full payment for its work, and to waive claim for any part of the compensation to be paid out of the general fund of the city. The nature of its complaint is that the city council assessed certain 7 lots at $100 each, which assessment was in excess of 25 per cent of the value of the lots. From the evidence it appears that 6 of these lots were worth not to exceed $25 each, and the seventh, not to exceed $50. Manifestly, such certificates, delivered to the appellant and charged against it as payment *pro tanto* for its work, cannot be of greater value than the value of the lots. It does not appear that the lot owners prosecuted any appeal or made any complaint. So far as appears, they submitted to the confiscation of their little properties.

The appellant claims the right to appeal from such assessment, pursuant to the provisions of Section 6063, Code of 1924, which provides as follows:

"Any person affected by the levy of any special assessment for street improvements or sewers may appeal therefrom to the district court. The person appealing shall be designated as plaintiff and the city or town as defendant."

Its contention is that it is a "person affected by the levy," within the meaning of the foregoing statute. The question presented, therefore, is one of construction of this section of the statute. Manifestly, it must be construed in the light of its context and its associated sections. The appeal permitted by this section is from the action of the city council, had upon objections made before it, pursuant to the statute. Section 5995 provides:

"The council shall fix the time for the consideration of the proposed resolution of necessity, at which time *the owners of property subject to assessment* for the proposed improvement * * * may appear and make objection to the boundaries of the proposed district, to the cost of improvement, to the amount

proposed to be assessed against any lot, and to the passage of the proposed resolution.''

Section 6064 is as follows:

''Said appeal must be perfected:

''1.   By serving upon the mayor or clerk, in the manner in which original notices in ordinary actions are served, within fifteen days from the date of said levy, a written notice of appeal, signed by the plaintiff or by his agent or attorney, directed to the defendant, and designating with reasonable certainty the assessment appealed from and *the property of plaintiff affected thereby.*''

It will be noted that Section 6063 and Section 6064 provide for an appeal, and the method of it, from the action of the city council had pursuant to proceedings provided in Section 5995. These three sections, construed together, disclose clearly that the appealing party within the contemplation of the statute is the ''property owner.''   To expand these statutes so as to include within their scope persons who have no interest in the title to the property and no interest in the property, as such, would be the equivalent of legislative amendment to the statute.

We are not holding that the appellant has no grievance, nor holding that it is without a remedy.   We hold only that it is not within the contemplation of Section 6063.

For this reason, the order of the district court is affirmed.— *Affirmed.*

DE GRAFF, C. J., and ALBERT and MORLING, JJ., concur.