W. R. BLAKESLEE, Appellant, v. ALEXANDER PAUL et al., Appellees.

No. 41056.

OCTOBER 20, 1931.

C. A. Baker, for appellant.

Valentine & Valentine, for appellees.

STEVENS, J.,—Appellees, who are husband and wife, some time prior to March 18, 1931, owned and occupied a residence

in Mystic, Iowa, which was encumbered by a mortgage to the extent of $107.50. On the above date there was deposited in the Iowa Trust & Savings Bank of Centerville to the credit of appellee Pauline Paul the sum of $1393. This sum was the proceeds of insurance paid upon a fire policy taken out on the homestead. The date on which the homestead was destroyed by fire is not disclosed by the record. On March 21st, three days after the proceeds of the insurance were deposited in the bank, this action was commenced and the bank garnished as the supposed debtor of appellees. Subsequently, and in due time, appellees filed a motion to discharge the attachment upon the ground that the funds in the bank were exempt from judicial process, supporting their motion by affidavits which are not contradicted. It appears therefrom that, subsequent to the destruction of the former homestead by fire, appellees purchased another house and lot which they occupy as a homestead, for which they paid $350.00; that a portion of the remaining proceeds of the insurance was expended in the purchase of necessary household equipment and a single item for wearing apparel. The balance left in the bank, after making the expenditures stated, is $450.00. This sum exceeds the amount of appellant's claim. The affidavits further recite that it is and has at all times been the intention of appellees to invest the balance on hand in necessary improvements upon the new homestead. The improvements contemplated are the raising of the house for the purpose of putting a cement basement under the same, re-shingling the roof, putting in new floors, painting outside and in, papering, and erecting a fence around the rear of the dwelling. The affidavits further recite that the value of the former homestead was at least $1500.00. To entitle the debtor to have the attachment discharged on motion, he must make a clear and entirely satisfactory showing. Cox v. Allen, 91 Iowa 462; Union County Inv. Co. v. Messix, 152 Iowa 412; Franke v. Kelsheimer, 180 Iowa 251.

It is provided by statute that where there has been a change in the limits of the homestead or a new homestead has been acquired with the proceeds of the old, the new homestead shall be exempt from judicial process to the extent in value of the old. Sec. 10154, Code, 1927.

It is not claimed by appellant that if the entire proceeds

received as insurance had been invested in a new homestead, the same would be subject to execution upon a judgment in his favor, or that if the entire proceeds of such insurance were on hand at the time of the commencement of this action, same had lost its exempt character.

The exact contention of appellant, as we understand it, is that as appellees have already acquired and paid for a new homestead, the excess of the amount thus paid loses its exempt character and becomes subject to judicial process. It is in this connection further contended by appellant that the intention of appellees to use the balance in the bank for household and living expenses is clearly shown and that the same, for this reason, may not be claimed as exempt. It has been too often held to require citation of authority that exemption laws are to be liberally construed to effectuate their purpose. It is equally well settled that the debtor has a reasonable time after the sale of his homestead to invest the proceeds in a new homestead. Fardal v. Satre, 200 Iowa 1109; Crail v. Jones, 206 Iowa 761.

The intention of appellees to invest the sum garnished in the repair and improvement of the new homestead would seem to be quite clearly established. The recital of such intention in the affidavit is disputed only by such possible inference as may be drawn from other facts. While, as stated, a portion of the insurance proceeds was used in the purchase of wearing apparel and necessary household equipment, this fact is of little weight in determining the real purpose and intention of appellees. The funds thus expended in no wise prejudiced appellant. Richards v. Orr, 118 Iowa 724.

The sole debatable question in the case, as we see it, is the right of appellees to now retain and invest the proceeds deposited in the bank in the repair and improvement of the new homestead. The total amount received as insurance did not equal the full value of the old homestead. Appellees, therefore, had a perfect right to invest the entire sum in a new homestead and to hold the same as exempt from execution in favor of appellant. This being true, it is difficult to perceive any sound theory or principle upon which they should be denied the right to invest the amount otherwise exempt in the repair and improvement of the new homestead.

While there is language in some of our earlier cases to the

contrary, it must now be regarded as settled in this state that the debtor may purchase the necessary lot and erect a new dwelling house thereon within a reasonable time and pay therefor out of the proceeds of the former homestead. Harm v. Hale, 206 Iowa 920; Mann v. Corrington, 93 Iowa 108; Fardal v. Satre, supra. It has likewise been held that damages assessed by a sheriff's jury for right of way over a homestead are exempt from execution (Kaiser v. Seaton, 62 Iowa 463), and that a judgment recovered for damages to a homestead is not subject to garnishment. Mudge v. Lenning, 68 Iowa 641.

It would seem to us almost too clear for argument that appellees have a perfect right, at least within a reasonable time, to invest the remaining proceeds received from the former homestead, in the reasonable and necessary repair of the new homestead and that same is not subject to garnishment. The intention of appellees to use it is unequivocally asserted in their affidavits attached to the motion to discharge the attachment and the circumstances shown do not overcome the claim of appellees. It would require a strict and not a liberal construction of the statute to justify the result sought by appellant. The motion of appellees to discharge the garnishment was properly sustained and the judgment is affirmed.—Affirmed.

FAVILLE, C. J., and DE GRAFF, ALBERT, and WAGNER, JJ., concur.