In re Estate of Clarence Paulson.

Delia Paulson, Administratrix, Appellant, v. Ernest Paulson et al., Objectors, Appellees.

No. 43343.

Apꞧɪʟ 7, 1936.

G. C. Dalton, for appellant.

Swan, Martin & Martin, for appellees.

Kɪɴᴛᴢɪɴɢᴇꞧ, J.—On July 4, 1932, Clarence Paulson died intestate, without issue, leaving surviving his widow, Delia Paulson, and his mother, Hilma Paulson. Delia Paulson, his widow, was appointed administratrix of his estate on July 29, 1932.

Under the statute, his widow was entitled to all of his estate up to $7,500 and one-half of the balance. On August 5, 1932, Hilma Paulson transferred all of her interest in the estate to Ernest Paulson and Anna Schultz, a brother and sister of decedent.

On September 29, 1932, the district court of Pottawattamie county granted Delia Paulson a widow's allowance of $1,500 for statutory support, and entered an order providing "that since the funds belonging to said estate are invested principally in government bonds, the court * * * sets off to her (the widow), $1,500 worth of the government bonds now in her hands as the administratrix of said estate."

On September 29, 1932, the administratrix filed an inventory showing the receipt by her of $898 in cash, $10,000 in United States Liberty bonds, and other notes and securities aggregating $1,506.45 of questionable face value, and also real estate described as lots 3 and 4 of block 5 in Walnut, Iowa, valued at $500.

On December 6, 1933, the administratrix filed a final report charging herself with the receipt of:

| | |
|---|---:|
| Cash | $ 898.00 |
| United States bonds | 10,000.00 |
| 10/15/32 Interest on bonds | 212.50 |
| 4/15/33 Interest on bonds | 159.37 |
| 10/15/33 Interest on bonds | 116.86 |
| Total solvent assets | $11,386.73 |
| Also the receipt of personal assets of a questionable value of | 1,506.45 |
| And two lots in the town of Walnut, estimated at a value of | 400.00 |
| Total good and questionable assets | $13,293.18 |
| Her final report also shows total expenditures, including a widow's allowance of $2,000 | $ 3,891.75 |
| Total solvent assets | 11,386.73 |
| Total expenditures | 3,891.75 |
| Leaves a balance of solvent assets of | $ 7,494.98 |

The foregoing shows a total of questionable assets on hand amounting to $1,906.45.

In her final report she takes credit for the balance of the cash assets, and asks for enough other property to make a total of $7,500 as her share of the estate as surviving widow.

In an amendment to her final report, she alleges a claim of $1,024.25 as an offset against any interest of Hilma Paulson, or her assigns, in the estate, for moneys claimed to have been advanced her by decedent. She also alleges a claim of $500 against Claus Paulson, father of decedent, for moneys claimed to have been advanced him during his lifetime. In this amendment she

also asks the court for an allowance of $5.67 a month for additional premiums paid on her administrator's bond.

Appellees filed objections to the final report, alleging that the widow's allowance and that the fees allowed the administratrix and her attorney were excessive; they also allege that the administratrix failed to account for all premiums and interest received on the sale of government bonds and for an undivided one-half interest in a cemetery lot.

The administratrix filed a general denial to said objections, and in addition thereto alleges that the property of the estate consists of the joint earnings of herself and her husband, by reason of which she is entitled to all of the property now in her hands as administratrix.

At the conclusion of the hearing on the objections, the court held (1) that the administratrix failed to account for premiums and interest collected on the government bonds in the aggregate sum of $527.79; (2) that the claim of the administratrix for moneys advanced by decedent during his lifetime to Hilma Paulson, his mother, and to Claus Paulson, his father, had not been established; (3) that the assets listed as of questionable value, including lots 3 and 4 of block 5 in the town of Walnut, Iowa, amounting to $1,906.45, belong one-half to the administratrix, as widow of decedent, and one-half to the appellees, as assignees of the interest of decedent's mother; that the cemetery lot belongs one-half to Andrew Paulson, one-fourth to Delia Paulson, and one-eighth each to Ernest Paulson and Anna Schultz; (4) that the charge for additional premiums on the administratrix' bond is not a proper charge to the estate.

The court thereupon entered an order confirming such finding, and ordered Delia Paulson to pay the costs of the hearing, taxed at $16. The court postponed action upon the objections to the award for the widow's allowance, and the allowance awarded as fees for the administratrix and her attorney. The administratrix appeals.

■■■ I. One of the main points in dispute relates to the amounts chargeable to the administratrix in addition to those set out in her final report for interest and premiums on government bonds. The additional amount found and ordered by the lower court so chargeable against the administratrix was $527.79. This amount was based upon the assumption that the administratrix was chargeable with interest on $1,500 worth of bonds

after they had been set off to the widow by the court, on September 29, 1932, to be applied on her widow's allowance, and upon the further assumption that the administratrix was liable for interest on $8,000 worth of bonds to January 15, 1934. It is our conclusion that the administratrix was not chargeable for interest on the $1,500 worth of bonds after they had been set off to her for a widow's allowance on September 29, 1932. After that time $1,500 worth of these bonds belonged to and were the property of the widow. It necessarily follows that she, as the owner thereof, was entitled to any interest thereon after that date. It is also our conclusion that the administratrix was not chargeable with interest on a $1,000 bond after it was sold on November 25, 1932, nor on a $1,000 bond after it was sold on August 11, 1933.

Without considering the evidence in detail, it is our conclusion that the evidence shows without dispute, that all premiums and interest collected on bonds were accounted for, except the amounts hereinafter set out, and it is therefore our finding that the administratrix, in addition to the amount charged against herself in the final report, should be charged with the following additional amounts as premiums and interest not accounted for:

(1) Premium on $1,500 worth of bonds set off to widow for widow's allowance.....................$ 47.89
(2) Premium and interest on $1,000 bond sold November 25, 1932.................................. 36.19
(3) Balance of interest unaccounted for on $6,500 worth of bonds at 4¼ per cent from April 15, 1933, to October 15, 1933....................... 21.26
(4) Interest on $1,000 bond at 4¼ per cent sold August 11, 1933, from April 15, 1933, to August 11, 1933 ...................................... 13.74
(5) Premium on $1,000 bond sold August 11, 1933.... 31.93
(6) Premium on $6,500 worth of bonds.............. 207.54

Total .......................................$358.55

The amount found unaccounted for by the lower court was $527.79. This is an excess charge to the administratrix of $169.24, and the same should be deducted from the finding of the lower court.

II. The appellant administratrix, in an amendment to her final report, sets up a claim of $1,024.25 in behalf of the estate for moneys given by decedent, in his lifetime, to Hilma Paulson, his mother, in small amounts ranging from $3 to $10 per month during the last ten or twelve years of his life. She also asserts an additional claim of $500 for money alleged to have been loaned to decedent's father, Claus Paulson, now deceased, during his lifetime. She asks that these amounts be offset against any interest of Hilma Paulson or her assigns in the estate. No such claim was included in her inventory or first final report as an asset of said estate.

We have made a careful examination of the evidence relating to these claims, and it is our conclusion that the evidence fairly shows that all moneys advanced to said Hilma Paulson, mother, and Claus Paulson, father, were gifts made without any expectations of a return thereof. Such was the finding of the lower court, and we find no error therein.

III. Decedent died seized of a house and two lots of little value in Walnut, Iowa. As he died without issue, the widow was entitled to the first $7,500 of the estate and one-half of the balance. As she elected to take $7,500 out of the cash assets these lots go, one-half to Delia Paulson, the widow, and one-fourth each to appellees, Ernest Paulson and Anna Schultz, as assignees of Hilma Paulson, decedent's mother.

At the time of his death, decedent was also the owner of an undivided one-half interest in the cemetery lot in question, under a joint deed executed to himself and his brother Andrew. At his death, "the right to the use of the ground as a burial place passed to his heirs." Anderson v. Acheson, 132 Iowa 744 loc cit. 758, 110 N. W. 335, 340, 9 L. R. A. (N. S.) 217.

Appellant, relying upon Code sections 11760 and 11918, contends that, where decedent leaves a widow, his exempt property should be set apart to her as exempt. Section 11918, however, relates to exempt "*personal*" property, and does not apply to an interest in real estate. Appellant does not contend that the ownership of a cemetery burial lot is personal property, and cites no cases so holding. While a deed to a burial lot in a cemetery does not convey an absolute fee-simple title thereto (Anderson v. Acheson, 132 Iowa 744, 110 N. W. 335, 9 L. R. A. [N. S.] 217), it does convey an irrevocable interest therein for burial purposes, and therefore constitutes an interest in real

estate (Daniell et al. v. Hopkins, 257 N. Y. 112, 177 N. E. 390, 76 A. L. R. 1367). For these reasons we are constrained to hold that the decedent's interest in the burial lot goes to Delia Paulson and the assignees of Hilma Paulson in the following proportions: One-half of decedent's interest to Delia Paulson, his widow, and one-fourth of his interest each to Ernest Paulson and Anna Schultz.

Such was the holding of the lower court, and we find no error therein.

■■■ IV. One of the questions in dispute on this appeal relates to the ruling of the lower court in holding that the charges made by the administratrix for extra premiums paid on her administrator's bond should not be allowed because such extra premiums were caused by the delay in the closing of the estate. The amount which the administratrix asked the lower court to allow as an additional premium was $5.67 per month from the expiration of the one year after the execution of said bond. This bond, however, was furnished for the benefit of the entire estate. It is our conclusion that the delay in closing the estate was not due to any willful or fraudulent acts of the administratrix. This charge is therefore a proper charge against the entire estate. In any event, this conclusion necessarily results in the payment of one-half of such expense by Delia Paulson individually, because her interest in the final distribution would be reduced to that extent.

What has just been said with reference to the additional cost of the premium on the bond applies equally to the costs of the proceeding taxed against Delia Paulson individually in the sum of $16.

We think both of these items are a proper charge against the entire estate.

■■■ V. Appellant also contends that, because the estate left by her husband was the result of the joint earnings of herself and the decedent during his lifetime, she is entitled to one-half of the estate, either as earnings or as joint owner thereof. The trouble with appellant's contention, however, is that no part of this estate was ever transferred to appellant by decedent, and she filed no claim against the estate based upon any such earnings. As no claim for such earnings has been filed in the estate, it cannot be considered. The lower court so found, and we find no error therein.

It may also be said in passing that the lower court, on August 15, 1933, made an additional allowance of $500 for the widow's support. The final report therefore shows a widow's allowance of $2,000, for which the administratrix took credit. The determination of the objections to the widow's allowance, the administrator's fees, and the attorney's fees, was not passed upon by the lower court. These questions were postponed for hearing by one of the other judges of the district from which this case is appealed, and we therefore have no occasion to pass upon them here.

 Appellees filed a motion to dismiss the appeal because no notice thereof was served upon Delia Paulson individually. The notice was directed to Ernest Paulson and Anna Schultz, and Swan, Martin & Martin, their attorneys. A judgment was entered against Delia Paulson for $16 costs, incurred by the hearing on objections. It is therefore claimed that, to give this court jurisdiction to enter judgment against Delia Paulson, notice of the appeal should also have been served upon her personally. The notice of appeal in this case was perfected by Delia Paulson, as administratrix of the estate of Clarence Paulson, deceased. She, as an individual, was not, in fact, a party to the action. The ruling of the lower court as to costs is, in effect, a holding that such costs cannot be charged against the estate. In any event, it cannot be said that she was individually an adverse party to these proceedings. We think the notice of appeal was sufficient compliance of the statute. The motion to dismiss the appeal is therefore overruled.

The foregoing disposes of all of the questions raised on this appeal.

For the reasons hereinabove set out, the judgment of the lower court is affirmed in part and reversed in part. The case is remanded, with instructions for a judgment in harmony herewith.

Affirmed in part; reversed in part.

DONEGAN, C. J., and all Justices concur.