E. C. JOHNSON, Appellant, v. LEO WILLIAMS, Appellee.

No. 46624.

FEBRUARY 6, 1945.

Wm. S. Johnston, of Estherville, and H. E. Narey, of Spirit Lake, for appellant.

F. J. Kennedy, of Estherville, for appellee.

WENNERSTRUM, J.—This appeal involves the question whether or not pay or earnings due a debtor by reason of a supplemental agreement entered into between his employer and the union representing him, and covering a period of prior employment, is exempt under the provisions of section 11763 of the 1939 Code. The amount due the defendant employee was levied on in a garnishment proceeding. The employer filed an answer and referred therein to its indebtedness to the defendant as "wages by him earned in their employ during Back Pay." The trial court held for the defendant employee. The plaintiff judgment creditor has appealed.

The record discloses that the appellee, Leo Williams, is a resident of the state of Iowa and the head of a family. He is a member of the A. F. of L. union, car department, and is an employee of the Chicago, Rock Island & Pacific Railway Company. It is further shown that an agreement as to wages had been entered into on August 7, 1943, between the union to which the appellee belonged and certain railroads, of which group the employer of the appellee was a part. On January 17, 1944, a

supplemental agreement was entered into between certain railroad employers and the unions representing the railroad employees, which is in part as follows:

"AGREEMENT.

This agreement made as of the seventeenth day of January, 1944, at Washington, D. C., by and between the participating carriers listed in Appendices (A), (B), and (C), attached hereto and made a signatory hereto, acting for the employees as described in said Appendices, witnesseth:

It is Agreed That:

Section 1. The agreement between the parties, dated at Washington, D. C., August 7, 1943, is hereby cancelled with the same force and effect as though it had never been executed.

Section 2. The wage increases, to be effective February 1, 1943, as recommended by the Special Emergency Board * * * in its Report to the President of the United States, dated November 4, 1943, which were not disapproved by the Director of the Office of Economic Stabilization, are hereby ratified by the parties hereto. These increases shall be applied as follows:

All hourly, daily, weekly, monthly and piece-work rates of pay for employees covered by this agreement will be increased in the following amounts per hour applied so as to give effect to the increases in pay irrespective of the method of payment:"

Thereafter in said agreement are set out the respective increases to previous hourly compensation.

It is shown that appellee previously received the prior agreed compensation at two-week intervals and that on January 16, 1944, the date prior to the execution of the agreement heretofore set out, the appellee had no claim against the company for wages prior to January 1st. It is further shown that on January 17th, by virtue of the agreement, the railway company became indebted to the appellee for the sum of $132.40. This was the amount due him by reason of the scheduled increase in pay set out in the agreement on the basis of the number of hours appellee had worked since February 1, 1943, the effective date from which the increase was to be computed.

The statute that is the basis of appellee's claim for exemp-

tion is found in section 11763 of the 1939 Code of Iowa, which is as follows:

"Personal earnings. The earnings of a debtor, who is a resident of the state and the head of a family, for his personal services, or those of his family, at any time within ninety days next preceding the levy, are exempt from liability for debt."

I. This court has universally held that the exemption statutes of this state should receive a liberal construction and that any doubts as to a claimed exemption should be construed in favor of those claiming the benefits provided. Kaiser v. Seaton, 62 Iowa 463, 466, 17 N. W. 664; Equitable L. Assur. Soc. v. Goode, 101 Iowa 160, 163, 70 N. W. 113; Blakeslee v. Paul, 212 Iowa 1385, 1387, 238 N. W. 447.

II. Earnings, we have held, are the fruit or reward of labor—the price of services performed. Mitchell v. Chicago, R. I. & P. Ry. Co., 138 Iowa 283, 291, 114 N. W. 622.

In the case of National Labor Relations Board v. Marshall Field & Co., 7 Cir., 129 F. 2d 169, 171, 144 A. L. R. 394, it is stated:

"The word 'earnings' denotes an 'economic good to which a person becomes entitled for rendering economic service.' Webster's New International Dictionary, 2d Ed., unabridged 1937. See, also, National Labor Relations Board v. Brashear Freight Lines, Inc., 8 Cir., 127 F. 2d 198; Words and Phrases, Perm. Ed., Earnings, Volume 14, page 31."

In the case of United Benefit L. Ins. Co. of Omaha v. Zwan, Tex. Civ. App., 143 S. W. 2d 977, 980, it is stated:

"In Black's Law Dictionary, 2nd Edition, we find that 'earnings' are defined as, 'the gains of the person derived from his services or labor without the aid of capital'. The text cites Brown v. Hebard, 20 Wis. 326, 330, 91 Am. Dec. 408, and Hoyt v. White, 46 N. H. 45, 48."

The agreement to which we have previously referred shows that the pay increase was to be effective as of February 1, 1943. This agreement also shows that the earnings or wages were computed upon an hourly basis, and in order to ascertain

how much money was due the employee in this case the hours he worked should be figured from the effective date of the contract.

Despite our general rule that exemption statutes are to be construed liberally and in case of doubt a construction should be followed that would be favorable to a claimed exemption, we are unable to come to the conclusion that the earnings in this particular instance are exempt. The work was performed prior to the ninety-day exemption period. The fruits of the labor or the earnings are naturally contemporaneous with the time of the labor. The accumulated pay which resulted from the new agreement was not earned, or was not the result of labor per-. formed, during the ninety-day exemption period. Consequently, we cannot hold that the exemption applies to the time of payment. It must apply to the time when the labor is rendered.

In the case of Klotz v. Ippolito, 40 F. Supp. 422, 426, 427, the Federal District Court for the Southern District of Texas held that wages recovered in an action under the Fair Labor Standards Act (29 U. S. C. 439, sections 201–219) were not current wages. That court held that the Constitution of Texas, which prohibited the garnishment of current wages, was not applicable to a recovery of such wages. The Iowa exemption statute does not refer to current wages but applies to "earnings of a debtor * * * for his personal services * * * at any time within ninety days next preceding the levy." It is our conclusion that the holding in the case cited gives support to our conclusions heretofore announced.

We are therefore constrained to reverse the trial court and to hold that there is no exemption of the earnings of the debtor prior to the statutory ninety-day exemption period. We therefore reverse and remand.—Reversed and remanded.

All JUSTICES concur.