IN RE ESTATE OF W. M. KLINE.

No. 46926.

OCTOBER 15, 1946.

Burnstedt, Hemingway & Hemingway, of Webster City, for appellant.

Maurer & Sebasta, of Mechanicsville, for appellee.

SMITH, J.—On or about February 27, 1945, W. M. Kline was driving his automobile upon a public highway in Cedar county and collided with appellant's truck. He died March 1, 1945, and on March 10th his widow was appointed administratrix of his estate.

She promptly filed an inventory in which she listed the damaged automobile as "Personalty Regarded as Exempt." No other personal property was scheduled except a bank checking account of $99.53. The day she was appointed, "or shortly thereafter," she turned the car over to her son and he disposed of it, paying the net proceeds, $300, back to her. The time the car was actually sold is not shown.

On July 26, 1945, appellant brought an independent action against the administratrix for damages to his truck caused by said collision. The administratrix answered denying liability and that action is still pending.

November 21, 1945, she filed "First Progressive Report," showing as "receipts" and charging herself with "proceeds sale of automobile . . . . . $300," and the checking account of $99.53. She reported "preferred claims" consisting of hospital and doctor bills, funeral expenses, and estimated administration and court costs, all amounting to $1,072.87. She also reported she had paid the items of hospital, medical, and funeral expenses, amounting to $851.87, "by using the assets of this estate, $399.53, and by advancing from her own funds the sum of $452.34." She asked approval of the sale of the car and her use of the proceeds therefrom as reported and the allowance as preferred claims of the items paid.

Appellant filed objections alleging the insolvency of the estate, the pendency of his separate action for damages, claiming the automobile was exempt property as to all claims but his own, and objecting to the use of the proceeds of the sale thereof for the payment of other claims. He appeals from the probate court's adverse decision.

I. Appellant's contention is based upon the premise that the car in question was exempt from execution under the general exemption statute (Code, 1946, section 627.6, paragraph 18, formerly section 11760, Code, 1939) and within the exception found in section 627.7, Code, 1946 (formerly section

11760.1, Code, 1939) as to appellant's claim. The latter section reads:

"No motor vehicle shall be held exempt from any order, judgment, or decree for damages occasioned by the use of said motor vehicle upon a public highway of this state."

We may assume for the purpose of this decision that this widow might have been allowed the exemption as against all claims except appellant's. She testified as witness for appellant that her husband used the auto "in soliciting business" and in "looking after my farm and as a family car." But she also says:

"We used it for general purposes. We both were owners of the automobile. * * * I think the records sometimes show it was registered in my name and sometimes in his name. At the time of his death it was in his name."

The widow, as administratrix, reported the vehicle "regarded as exempt." Section 635.7, Code, 1946 (formerly section 11918, Code, 1939), authorizes the court to set exempt personal property apart to the widow to be exempt in her hands. Under that statute whatever exemption a husband could claim inures to the widow's benefit. The widow here testified (on cross-examination, subject to appellant's objection) that when she turned the car over to her son for repair and sale she considered it as her own property.

But the court never set the property apart to the widow as exempt. There was no adjudication to preclude her from later waiving her claim to such exemption. She did later report the proceeds from the sale of the car *as a part of the assets of the estate,* and asked approval of the sale of the property and of her use of said proceeds (supplemented by her own funds) in payment of expenses of last sickness and funeral: items entitled to preference over general claims. This conduct was a clear waiver of whatever exemption right she had.

II. One has a right to waive an exemption in his own favor unless he also holds it for the benefit of others or unless such waiver is against public policy or some constitutional or

1090

statutory restriction. 35 C. J. S., Exemptions, section 101; 22 Am. Jur., Exemptions, section 128. It cannot be argued here that the exemption was for appellant's benefit. Nor was its waiver against public policy. If the property was exempt, it was for Mr. Kline's and his family's protection while he lived and it survived for his widow's benefit after he died. It was entirely personal to her.

Mrs. Kline, under this record, elected to waive her right. She was under no obligation, either as widow or as administratrix, to assert it in order to hold the property to satisfy a possible judgment in favor of appellant as to which the property might be nonexempt.

■ "Exemption laws are liberally construed, and exceptions thereto are strictly construed." Johanson v. Rowland, 196 Iowa 724, 726, 195 N. W. 358, 359.

The exception does not give the creditor a lien on the property. It has been so held as to the exception in favor of the seller of personal property for the selling price under section 627.5, Code, 1946 (formerly section 11759, Code, 1939). Johanson v. Rowland, supra; 35 C. J. S., Exemptions, section 86c.

■ III. When the widow waived her right under the general exemption statute the property became nonexempt as to all creditors and subject to the obligations of the estate in the manner and order of priority provided by statute. See 35 C. J. S., Exemptions, section 111a; 25 C. J., Exemptions, section 205.

Appellant argues that the administrator of an insolvent estate holds the property as trustee for the benefit of creditors, and that the general creditor thereby has an interest in the estate equivalent to a lien obtained by attachment, citing cases.

The cited cases support the abstract proposition as stated but do not relate it to the issue here. Blackman v. Baxter, Reed & Co., 125 Iowa 118, 100 N. W. 75, 70 L. R. A. 250, 2 Ann. Cas. 707, held a chattel mortgage of an insolvent decedent invalid against existing creditors (under the recording statute, now section 556.3, Code, 1946) when not recorded, or possession of the mortgaged property was not taken by the

mortgagee, prior to the mortgagor's death. In that connection it also held general creditors of the estate (as represented by the administrator) to be "existing creditors," for the purpose of contesting the validity of such mortgage, though having no specific liens against the property. The case expressly asserts, however, that the claims are to be paid in the order prescribed by statute as far as the property will go. 125 Iowa 118, bottom page 121, top page 122, 100 N. W. 75, 76, 70 L. R. A. 250, 2 Ann. Cas. 707. Raybourn v. Creger, 204 Iowa 961, 216 N. W. 272, is to the same effect as the Blackman case.

In re Estate of Lewis, 230 Iowa 694, 298 N. W. 842, 137 A. L. R. 562, is of no assistance to appellant. It merely holds that the doctrine of the Blackman case is inapplicable as against a *purchase-money* mortgage, even though not recorded and even though no possession of the mortgaged property has been taken by the mortgagee prior to the mortgagor's death. It, too, concedes that claims must be paid in the order prescribed by the probate statutes.

Northwestern Mutual L. Ins. Co. v. Gross, 215 Iowa 963, 247 N. W. 286, is also cited. We cannot see that it has any bearing here. It involved and upheld the right of the holder of a first mortgage to rents and profits under a receivership clause against a holder of the legal title who acquired same by prior foreclosure of a second mortgage.

These cases and the principles they announced do not affect the rights of the parties here. Appellant had no lien against the auto when decedent died. The rights of the parties were fixed as of that date. The widow had a right of exemption as against other claims but she has elected not to exercise it. Appellant has at most a potential general claim. He cannot complain if the assets of the estate are exhausted in payment of claims entitled to preference. The administratrix, as such, had no power or authority to keep the general exemption alive or to assert it in order to benefit appellant at the expense of those who held right of prior payment out of the assets. The widow was under no duty to do so.

IV. Lastly, appellant argues that in construing a statute its object and intent should not be overlooked, and

that it should not be construed so as to create absurdity or injustice in application.

The purpose of the general exemption statute involved here is to protect the debtor and the family of which he is the head. The exceptive statute upon which appellant relies is to withdraw that protection so as to allow one injured by the operation of an exempt automobile to levy upon it. We cannot assume that the purpose was to give the latter an advantage over other creditors. That result would follow if the debtor asserted his exemption right against other creditors but such result would be merely incidental. The exceptive statute imposed no duty upon the debtor to avail himself of the general exemption.

We think the decision of the trial court is right and it is affirmed.—Affirmed.

GARFIELD, C. J., and OLIVER, HALE, BLISS, WENNERSTRUM, MANTZ, and MULRONEY, JJ., concur.

HAYS, J., takes no part.