IN RE ESTATE OF ROBERT RAYMOND JONES.

No. 47344.

(Reported in 35 N. W. 2d 36)

DECEMBER 14, 1948.

Johnston & Shinn, of Knoxville, for appellant.

Johnson & Johnson, of Knoxville, for appellees.

MULRONEY, J.—Ollie Jones, as administratrix of the estate of her husband who died without issue, set off unto herself, as surviving spouse, the exempt personalty in the sum of $3600, paid all debts and expenses, and then disposed of the remaining assets in the sum of $10,775.07 by paying herself $7500 and one half of the balance, and the other half of the balance over $7500 to the heirs of intestate's parents. Upon objection of some of the heirs the trial court ruled the surviving spouse must include the exempt personalty in the $7500 she receives under section 636.32, Code, 1946. The widow appeals, asserting that under the above law and also section 635.7, Code, 1946, she is entitled to have the exempt personal property and the balance of the estate, after payment of debts and expenses, to the amount of $7500 and one half of the remaining balance.

I. Section 635.7 provides:

"When the deceased leaves a widow, all personal property which in his hands as the head of a family would be exempt from execution, after being inventoried and appraised, shall be set apart to her as her property, and be exempt in her hands as in the hands of the decedent."

Section 636.32 provides:

"If the intestate leaves no issue, the whole of the estate to the amount of seventy-five hundred dollars, after the payment of the debts and expenses of administration, and one-half of all of the estate in excess of said seventy-five hundred dollars shall go to the surviving spouse and the other one-half of said excess shall go to the parents. * * *"

The single question presented upon the appeal is whether under the above statutes the widow of a deceased intestate spouse is entitled to the exempt personal property set off to her, in addition to the first $7500 after payment of debts and costs of administration.

We have often said the exemption statutes are to be liberally construed to protect the debtor and the family of which he is head. In re Estate of Kline, 237 Iowa 1086, 24 N. W. 2d 481; Johnson v. Williams, 235 Iowa 688, 17 N. W. 2d 405, and cases cited. Under the trial court's holding in this case the exempt personalty, if it exceeded $7500 in value, could not all be set apart to the widow. Any construction that would defeat the beneficent purpose of the exemption law needs to be thoughtfully examined.

Appellees argue in support of the trial court's ruling that section 636.32 is clear and unambiguous; that it leaves no room for construction; and that in plain terms it gives the widow the whole of the estate, which means exempt and nonexempt property, after the payment of debts and costs, to the amount of $7500.

II. The exempt property, by section 635.7, is "set apart" to the widow as "her property." As said in Adkinson v. Breeding, 56 Iowa 26, 28, 8 N. W. 685, 686, the exempt property "was not assets * * * to be administered upon as such." Section 635.7 vests the absolute property in the exempt personalty in the widow immediately upon the death of intestate. The purpose of the inventory and appraisement is to identify the property to see if it is actually exempt. Adkinson v. Breeding, supra; Ellsworth v. Ellsworth, 33 Iowa 164; In re Estate of Smith, 165 Iowa 614, 146 N. W. 836; Sovereign Camp W. O. W. v. Snider, 227 Ala. 126, 148 So. 831.

To set apart the exempt personalty to the widow as her property means to take the personalty out of the property owned by the deceased at the time of his death—to appropriate it as "her property." Peru Cemetery Co. v. Mount Hope Cemetery, 224 Ind. 202, 65 N. E. 2d 849. The exemption is a head of the family exemption. Its purpose is to protect the husband "and the family of which he is the head." In re Estate of Kline, supra, at page 1092 of 237 Iowa, page 484 of 24 N. W. 2d. The

statute provides that when the head of the family dies the exempt property will be the widow's and exempt in her hands. The administrator does not take possession of the property as property of the deceased. Ellsworth v. Ellsworth, supra. He inventories and appraises the property and sets it apart from the deceased's assets *"as her property."* It forms no part of deceased's estate. It is not subject to the debts of, or distribution in, the estate of the testator.

From the above it is manifest that section 636.32 makes no provision for distribution of the exempt personalty. It disposes of the testator's estate—the realty and the personalty that came into the administrator's hands. Counsel for appellees point to the use of the word "whole" in the statute and argue that "whole of the estate" includes all of the estate both exempt and nonexempt property. The phrase has been construed in wills to mean both realty and personalty. Equitable Guarantee & Trust Co. v. Rogers, 7 Del. Ch. 398, 44 A. 789. At any rate the word "whole" is descriptive of the testator's estate. It means all or the entire estate of the decedent. As previously pointed out, the exempt personalty never becomes a part of the decedent's estate.

While the exact question has not before been presented to this court for decision, there are expressions in several of our opinions supporting the view here taken and decisions of this court where such an interpretation was no doubt assumed to be correct.

The earlier statute, section 3379, Code, 1897, provides:

"If the intestate leaves no issue, one-half of the estate shall go to the parents, and the other one-half to the spouse * * *."

In In re Estate of Ring, 132 Iowa 216, 222, 109 N. W. 710, 713, decided under the above statute, the exempt personalty was turned over to the widow, but upon objection to the final report by collateral heirs, this court held other grain sold by the administrator should have been turned over to her as exempt. It does not appear that there was objection to the turning over the exempt personalty to the widow and one half the balance after debts and expenses, but the holding and language of the

1368

opinion support the views herein expressed. In the course of the opinion we held:

"Under the law all the exemptions allowed to the husband as head of the family shall, upon his death, be set apart to the widow as her property. This was attempted to be done, but not all of the property to which the widow was entitled was set apart to her in the appraisement * * *."

In Conkey v. Irwin, 152 Iowa 323, 325, 131 N. W. 57, 58, also decided under section 3379, Code, 1897, the widow of a testator, who died without issue, inventoried some farm animals and grain as exempt and some as general assets. The deceased's parents objected to her final report, but again it does not appear that they objected on the ground she was not entitled to any exempt property, before computing the half portions that should go to the parents and spouse. The objections were to specific items, one being with respect to corn about which we said:

"The evidence disclosed that decedent left seven hundred bushels of corn. Of this two hundred and fifty bushels were inventoried and appraised as exempt to the widow and three hundred and fifty bushels as part of the general assets. She was required to account for three hundred and fifty bushels in addition to that last mentioned. This must have been on the theory that she was not entitled to that set apart to her as widow. Under section 4008 of the Code, there is exempt to a debtor, who is the head of a family, enough food to feed the animals declared exempt for six months, and by section 3312 the widow, upon the death of her husband, is entitled to have the animals exempt to the husband, and such food set apart to her. No evidence was adduced that the amount of corn was in excess of what was required to feed two horses, two cows, two calves, and five hogs during the time specified, and we think the court erred in ordering the administratrix to account for more than one hundred bushels of corn, not previously inventoried."

In 1913, section 3379, Code of 1897 was repealed and the present statute enacted. (Chapter 280, Acts of Thirty-fifth

General Assembly.) In re Estate of Paulson, 221 Iowa 706, 266 N. W. 563, decided under the present statute, involves the widow's claim that she would be entitled to her husband's interest in a burial lot as exempt to her in addition to the $7500 in cash which she took, and one half the balance. We held the exemption statute did not apply, for the interest in the burial lot was realty and the exemption set apart to her under the exemption statute relates only to personal property.

In In re Estate of Smith, 165 Iowa 614, 617, 146 N. W. 836, 837, the opinion asked the question: "How may the personalty be 'otherwise disposed of' before distribution?" Then follows the answer:

"Property exempt to deceased * * * is to be set apart to the widow. [Citing cases.] And there is to be paid therefrom the expenses of administration, the charges of the last sickness and funeral of deceased, and the allowance made by the court for the maintenance of the widow and minor children. What remains is to be distributed * * *."

The two statutes are in pari materia, in that they both provide for the ultimate destination of property owned by deceased, and should be construed together and both given effect if possible. Balen v. Colfax Consolidated Coal Co., 183 Iowa 1198, 168 N. W. 246; Wright Constr. Co. v. City of Des Moines, 202 Iowa 661, 210 N. W. 809.

An analysis of the opinions of this court previously cited clearly indicates this court found no difficulty in applying the law, as expressed in both statutes, as giving the widow the exempt property plus $7500 after expenses and one half of the balance of the estate. Such a construction is a salutory one; one that carries out the beneficent purpose of exemption laws; one that is adequately supported by convincing reasoning; and one that is thoroughly consistent with the many expressions found in the opinions of this court that the exempt personalty is not part of decedent's estate. For the reasons stated, the cause is reversed.—Reversed.

SMITH, C. J., and OLIVER, BLISS, HALE, GARFIELD, WENNERSTRUM, and MANTZ, JJ., concur.

HAYS, J., takes no part.