In the Matter of the ESTATE OF Richard A. NIELSEN, Deceased.

Erma Jean NIELSEN, Appellee,

v.

Patricia A. NIELSEN, Appellant.

No. 88–1274.

Supreme Court of Iowa.

Sept. 20, 1989.

Steven K. Warbasse, Cedar Rapids, for appellant.

Julia A. Barry and Jeffrey L. Abbas of Simmons, Perrine, Albright & Ellwood, Cedar Rapids, for appellee.

Considered by McGIVERIN, C.J., and LARSON, LAVORATO, NEUMAN, and ANDREASEN, JJ.

ANDREASEN, Justice.

In this appeal we determine whether a prior spouse of a decedent may assert a claim for unpaid spousal support (alimony) against the decedent's exempt personal property set aside for the surviving spouse pursuant to Iowa Code section 633.212(2) (1987). We hold the claim may be asserted and reverse the district court's ruling.

Richard A. Nielsen died intestate on March 14, 1987. At that time, his prior spouse, Erma Jean Nielsen, had a claim for unpaid alimony. Richard's surviving spouse, Patricia A. Nielsen, was appointed as administrator of his estate.

Patricia filed a probate report and inventory. It identified exempt property consisting of clothing, furniture, machinery, cattle and a pickup truck. The total value of the exempt property was determined by the court to be $8891. The court found the value to be within the maximum allowed for exempt property under Iowa Code section 627.6. Erma's unpaid alimony claim of $15,384.83 was allowed by the court. The administrator reported the estate was insolvent.

A hearing was held by the court upon Patricia's application to declare personal property as exempt to her as surviving spouse under Iowa Code section 633.332. The court applied equitable principles and ordered one-half of the value of the identified personal property to be set aside to the surviving spouse as exempt from the decedent's alimony obligation. Both parties appealed.

I. Iowa Code section 633.212 provides, in part;

If the decedent dies intestate leaving a surviving spouse ..., the surviving spouse shall receive the following share:

....

2. All personal property that, at the time of death, was in the hands of the decedent as the head of a family, exempt from execution.

Iowa Code section 633.332 provides:

When the decedent left a surviving spouse, all personal property which in the hands of the decedent as head of a family would be exempt from execution, which is bequeathed or set aside to the surviving spouse in accordance with the provisions of this chapter, shall be exempt in the hands of such surviving spouse as in the hands of the decedent.

The issue raised in this appeal involves statutory construction. It does not involve any factual dispute. We are the final arbitrators in the construction of Iowa statutes. *American States Ins. Co. v. Estate of Tollari*, 362 N.W.2d 519, 521 (Iowa 1985). In interpreting the statutes, our ultimate goal is to ascertain and to give effect to the intention of the legislature. *See Kohrt v. Yetter*, 344 N.W.2d 245, 246 (Iowa 1984). In determining legislative intent, we consider the language of the statute and the objects sought to be accomplished. *Slager v. HWA Corp.*, 435 N.W.2d 349, 352 (Iowa 1989).

II. Patricia asserts on appeal that Iowa Code section 633.212(2) mandates that all exempt property of a decedent shall go to the surviving spouse. Since the property claimed exempt falls within the item and value limitations of Iowa Code section 627.-6, Patricia asserts that she is entitled to the exempt property. She maintains that the phrase "exempt ... as in the hands of the decedent" in section 633.332 is merely definitional and incorporates the exemption statute in the same manner as does section 633.212(2).

Erma asserts that since Richard could not have availed himself of the exemption statute to protect his personal property against a claim for unpaid alimony, neither

may the surviving spouse, Patricia. If there is an exception to the exempt character of the property, then section 633.332 maintains the effect of the exception to the exempt character of the property in the hands of the surviving spouse. Since claims for unpaid alimony are excepted from the operation of the exemption statute, Erma urges that the property is subject to her claim.

Patricia responds by arguing that such a construction of the statute would render meaningless the debts and charges classification and priority scheme of section 633.-425. She argues that the property is either exempt or nonexempt: if it is exempt, Patricia is entitled to the property; if it is nonexempt, the property is subject to the payment of debts and charges pursuant to section 633.425. She argues that any other construction would bootstrap claims for unpaid alimony to a first priority position, contrary to the classification and priority scheme of section 633.425, which assigns unpaid alimony to the eighth priority level.

III. Both parties agree that the decedent's exempt personal property should be set aside to the surviving spouse under section 633.212(2). The specific property listed as exempt from execution in the probate inventory schedule are within the list of personal property items declared exempt under the general exemption statute, Iowa Code § 627.6. The critical issue is whether these items of personal property are exempt from Richard's alimony obligation to Erma under section 633.332.

■ Once the personal property is determined to be exempt, it is not subject to the debts of, or distribution in, the estate. *Ames Trust & Sav. Bank v. Reichardt*, 254 Iowa 1272, 1276, 121 N.W.2d 200, 202 (1963); *In re Estate of Jones*, 239 Iowa 1364, 1366, 35 N.W.2d 36, 38 (1948); 1 S. Kurtz, *Kurtz on Iowa Estates* § 3.5, p. 92 (1981). Section 633.212(2) is intended to identify and define the exempt personal property that passes to the surviving spouse under the rules of inheritance. Section 633.332 and 633.425 are within the division of the probate code directing how an estate is to be administered.

We believe that, while section 633.212(2) determines the quantity of the decedent's personal property which shall be set aside for the surviving spouse, section 633.332 determines the quality of the surviving spouse's interest in that property. It provides that the property shall be exempt in the hands of such surviving spouse *as in the hands of the decedent.* That is, the exempt character of the property is determined by reference to its character before the decedent died.

■ We hold that where, as here, there exists some preferred debt or favored creditor subjecting the exempt property to an exception in its favor, the property remains subject to the exception in the hands of the surviving spouse. We have long recognized a debtor cannot claim the protection of the exemption statute to avoid a claim for unpaid alimony or child support. *See Siver v. Shebetka*, 245 Iowa 965, 969, 65 N.W.2d 173, 175 (1954); *In re Guardianship of Bagnall*, 238 Iowa 905, 939–40, 29 N.W.2d 597, 615 (1947). Other exceptions to the general statutory exemption are provided by statute. *See* Iowa Code §§ 627.5 (purchase money), 627.7 (motor vehicle), 627.11 (personal earnings—spousal support), 627.12 (personal earnings—child support).

Our holding does not render meaningless the debts and charges classification and priority scheme of section 633.425. With regard to nonexempt property, the classification and priority scheme of section 633.-425 controls. Here we are concerned with the exempt personal property which is not subject to the debts and charges of the estate. As with other personal property that may pass to the surviving spouse under the general exemption provision, specific claimants may be permitted to execute upon it because of a statutory or judicially recognized exception to the exemption provision.

IV. The trial court shall order the personal property identified as exempt to be set aside to the surviving spouse. The exempt property is not a part of the estate assets available for payment of debts and charges of the estate under section 633.-

425. It is subject to execution issued upon the alimony judgment against the decedent, Richard A. Nielsen. We reverse the district court ruling and remand to the district court for entry of orders in conformity with this opinion. Costs are taxed against the administrator, Patricia Nielsen.

REVERSED AND REMANDED.